■ In the Matter of MARLENA A. BULEY, Respondent, v JOHN J. BULEY, Appellant.—Mahoney, P. J. Appeal from an order of the Family Court of Ulster County (Feeney, Jr., J.), entered April 10, 1987, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 4, to direct respondent to pay for maintenance of petitioner and support of his two children.

Petitioner and respondent were married on September 18, 1971 and divorced 14 years later on February 26, 1985. Presently, petitioner lives with her two teen-age sons in the

marital residence in Ulster Park, Ulster County. While petitioner has an Associate's Degree in secretarial science and served as respondent's bookkeeper in the operation of his excavating business, she and the children were receiving public assistance when she commenced this proceeding to compel respondent to pay over $2,500 per month in child support and maintenance.

At hearings before a Hearing Examiner, respondent's actual income was difficult to ascertain as he was unable to produce his tax records for the years 1984 and 1985. However, the Hearing Examiner made a finding, based on respondent's 1983 tax return, that respondent had a gross income in 1983 of $40,000 which resulted in a taxable income of approximately $18,000. After reviewing the testimony and the reports of the earnings and expenses of the parties and their children, the Hearing Examiner determined that respondent should pay $250 per week for child support and $118 per week as maintenance. Family Court adopted the findings of the Hearing Examiner, and this appeal by respondent ensued.

Despite respondent's contention that his support obligation must have a direct relationship to current earnings, the Hearing Examiner and Family Court properly weighed other considerations in fixing respondent's support and maintenance obligation. In a support proceeding, the exact reported taxable income of a party is not always the foremost consideration in ascertaining that party's ability to support his children (see, Kay v Kay, 37 NY2d 632). Where, as here, a party's financial status is difficult to ascertain, an important factor in ascertaining ability to pay is the earning capacity of the party, as opposed to how much money the party actually makes (see, Sayer v Sayer, 130 AD2d 407, 410-411). Since respondent owns his own business, he could effectively control his actual net "draw" for a given period of time and, as the Court of Appeals has stated in Kay v Kay (supra, at 636), when a party "voluntarily maintains his finances in a form that limits the income they produce", the limited income will not be a ceiling on the amount for which the party will be liable in supporting his ex-wife and children. The earning capacity of the party is the prime consideration (see, supra, at 637). Accordingly, since respondent's failure to produce his current tax records obscured his true economic status, "a court is entitled to make an award based upon the wife's proof of her needs" (supra, at 636). Therefore, we approve the finding that respondent's true earning capacity is well over $18,000 per year.

In reaching this conclusion we have considered respondent's

argument that petitioner is college educated and should make an effort to become self-supporting. Here, as in *Kay v Kay (supra)*, petitioner was out of the job market during the extent of the marriage and is under no duty to obtain employment solely to mitigate her husband's duty to pay support and maintenance. Further, if petitioner obtains employment and betters the economic situation of herself and her children, respondent has the option to apply for a modification of the award *(see,* Domestic Relations Law § 236 [B] [9] [b]).

Order affirmed, with costs. Mahoney, P. J., Casey, Yesawich, Jr., Levine and Mercure, JJ., concur.