■ In the Matter of KATHLEEN G. SUTPHIN, Respondent, v DAVID DOREY, Appellant. [650 NYS2d 55] —Carpinello, J. Appeal from an order of the Family Court of Warren County (Austin, J.), entered May 9, 1995, which, *inter alia*, granted petitioner's application, in a proceeding pursuant to Family Court Act article 4, to find respondent in violation of a prior child support order.

Petitioner and respondent are the parents of Christopher, age 14, and Jessica, age 13. Pursuant to a Family Court order dated December 13, 1993, respondent's child support obligation was set at $45 per week. A violation petition was filed in April 1994. Respondent's child support arrears were fixed at $2,109.80 and a judgment was entered in that amount. In January 1995, petitioner commenced the instant proceeding claiming that respondent was again in violation of his child support obligation. Respondent cross-moved for a downward modification. A hearing was conducted on April 19, 1995 pursuant to Family Court Act § 454. At this hearing, it was established that respondent's total arrears, exclusive of the $2,109.80 judgment, were $929.79 as of April 14, 1995. Family Court found that respondent's failure to pay was willful and sentenced him to 20 days in the Warren County Jail, which sentence was suspended upon the condition that respondent complied with his current child support obligation as of June 1, 1995. The court also denied respondent's cross petition for downward modification. Respondent appeals.

We find that Family Court's determination of willfulness was supported by clear and convincing evidence (*see*, *Matter of*

*Schmerer v McElroy*, 105 AD2d 840, 841). Family Court Act § 454 (3) (a) provides that a failure to pay support is prima facie evidence of willfulness. The record in this case indicates a history of nonpayment (*see, Matter of Hoyt v Hoyt*, 166 AD2d 816, 817). Although inability to pay is a defense to a claim of willfulness (*see generally*, Besharov, 1984 Supplementary Practice Commentaries, McKinney's Cons Laws of NY, Book 29A, Family Ct Act § 454, 1996 Pocket Part, at 141), there is support in the record for Family Court's conclusion that respondent has not made reasonable efforts to seek employment that is commensurate with his intellectual ability and verbal skills and that would enable him to meet his child support obligation (*see, Matter of Nassau County Dept. of Social Servs. v Walker*, 95 AD2d 855, 856, *lvs dismissed* 60 NY2d 557, 778; *see also, Hickland v Hickland*, 39 NY2d 1, 5-6, *cert denied* 429 US 941; *Matter of Porcelain v Porcelain*, 143 AD2d 834, 835; *Matter of Gell v Gell*, 75 AD2d 961, 962).

We also agree with Family Court's denial of respondent's cross petition for a downward modification of his support obligation. Respondent, who was employed as a waiter in a nearby restaurant, left a better paying job around the same time as Family Court fixed his child support obligation at the current $45 per week in December 1993. Respondent claims that his support obligation should be reduced because he is attending classes at Adirondack Community College. "Where the reversal in a spouse's financial condition is brought about by the spouse's own actions or inactions, the court should not grant a downward modification" (*Matter of Doscher v Doscher*, 80 AD2d 945, *affd* 54 NY2d 655; *see, Matter of Johnson v Junjulas*, 215 AD2d 559, 560; *Matter of Graves v Smith*, 213 AD2d 482). On this record, it cannot be said that Family Court abused its discretion in determining that respondent's changed financial circumstances did not warrant a reduction of his child support obligation (*see, Matter of Knights v Knights*, 71 NY2d 865, 867).

Cardona, P. J., Mercure, White and Casey, JJ., concur. Ordered that the order is affirmed, without costs.