■ In the Matter of RICHARD LUTSIC, Appellant, v SHIRLEY LUTSIC, Respondent. [665 NYS2d 112] —Crew III, J. Appeal from an order of the Family Court of Broome County (Pines, J.), entered June 12, 1996, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 4, for a downward modification of petitioner's child support obligation.

Insofar as is relevant to this appeal, petitioner and respondent are the biological parents of twins (born in 1981), both of whom reside with respondent. In January 1990, petitioner was ordered to pay child support for the twins in the amount of $115 per week. Following his loss of employment in December 1994 petitioner, formerly a technical laboratory specialist with International Business Machines, commenced this proceeding seeking a downward modification of his support obligation. The matter proceeded to a hearing at which petitioner, his current spouse and respondent appeared and testified. At the conclusion thereof, the Hearing Examiner granted petitioner's application and reduced his support obligation to $84 per week, which was based upon income imputed to petitioner in the amount of $17,500 (after deductions for FICA). In response to the objections filed by petitioner, Family Court affirmed the Hearing Examiner's findings and this appeal by petitioner ensued.

We affirm. As a starting point, we note that petitioner's primary argument on appeal—that Family Court was without authority to impute income to him under the Child Support Standards Act (Family Ct Act § 413) absent some indication that he deliberately reduced his income to avoid his child support obligation or actually possessed other resources, such as nonincome producing assets, that could be used to satisfy his support obligation—previously has been considered and rejected by this Court (*see, Matter of Darling v Darling*, 220 AD2d 858, 859). Both Family Court Act § 413 (1) (a) and Domestic Relations Law § 32 (3) impose a support obligation upon parents who are "possessed of sufficient means *or able to earn*

*such means*" (emphasis supplied). Thus, a parent's child support obligation is not necessarily determined by his or her existing financial situation but, rather, by his or her ability to provide support (*see, Matter of Collins v Collins*, 241 AD2d 725, 727).

Even accepting that petitioner could not secure comparable employment in Broome County at a rate commensurate with his final salary prior to termination (approximately $40,000), the record fully supports a finding that petitioner indeed was employable, and we find no error in Family Court's decision to impute income to petitioner in the amount of $17,500 for purposes of determining his child support obligation. Petitioner's remaining contentions have been examined and found to be lacking in merit.

Mikoll, J. P., Casey, Yesawich Jr. and Spain, JJ., concur. Ordered that the order is affirmed, without costs.