■ In the Matter of GILL BOUCHARD, Appellant, v CYNTHYA BOUCHARD, Respondent. (And Another Related Proceeding.) [693 NYS2d 714] —Carpinello, J. Appeals (1) from an order of the Family Court of Albany County (Duggan, J.), entered January 5, 1995, which, *inter alia*, dismissed petitioner's application, in a proceeding pursuant to Family Court Act article 4, for a

---

* In fact, the police did not initiate contact with those inmates. Rather, they came forward on their own initiative.

downward modification of child support, and (2) from an order of said court, entered July 21, 1995, which, *inter alia*, granted respondent's application, in a proceeding pursuant to Family Court Act article 4, finding petitioner in willful violation of a prior child support order.

Pursuant to a February 1993 stipulation between the parties, petitioner was obligated to pay respondent $138 per week in child support for their two children and 45% of their child care and medical expenses. The stipulation was thereafter incorporated but not merged into an October 18, 1993 judgment of divorce. Approximately five weeks later, petitioner filed for a downward modification of his child support obligation claiming a decrease in income, namely, that his 1992 wages as an ironworker, upon which the stipulation was based, were inflated with overtime pay and not a realistic gauge of his actual earnings. When petitioner failed to make any child support payments or reimburse respondent for his share of child care and medical expenses after mid-December 1993, respondent commenced a violation proceeding in March 1994. A combined hearing on the petitions ensued. At issue on appeal are orders of Family Court affirming the Hearing Examiner's finding of willfulness and denial of the application for a downward modification.

Addressing the violation petition first, we note that respondent established her direct case of a willful violation with proof that petitioner failed to pay child support as ordered (*see*, Family Ct Act § 454 [3] [a]), thereby shifting the burden to him "to offer some competent, credible evidence of his inability to make the required payments" (*Matter of Powers v Powers*, 86 NY2d 63, 69-70; *see*, *Matter of Nickerson v Bellinger*, 258 AD2d 688, 689). There is ample evidentiary support for the finding that petitioner failed to meet this burden.

When questioned about his cessation of child support payments, petitioner cited lack of employment as the reason. According to petitioner's testimony, he worked approximately 40 weeks in 1992 as an ironworker and earned an annual income of $33,544. In striking contrast, he worked a mere one week in 1993, having voluntarily relocated to the Plattsburgh area in Clinton County from Albany County following marital discord. He testified that he attempted to find ironworking jobs throughout 1993, to no avail. The record reveals, however, that he continuously pursued but *one* particular position in his field between February 1993 and July 1993, having determined (*obviously* unrealistically so) that this was the "job for [him]". His attempts to pursue any other employment in the construc-

tion industry can charitably be characterized as meager. Although he claims to have "reviewed" 150 potential construction jobs in the Plattsburgh area in 1993, he admitted that he never actually applied for any of them. Nor did petitioner look for employment outside the construction trade in 1993 or 1994, citing a myriad of conflicting reasons including his unfamiliarity with jobs outside the construction field, his lack of preference for such jobs and because he did not see the need to inquire into other types of employment. Tellingly, he testified that he would rather remain unemployed for one and a half years than obtain nonconstruction-related work.

The record further reveals that petitioner was capable of performing other tasks, such as masonry work, residential woodworking, lawn maintenance, snow removal, vehicle repairs and painting. Nevertheless, he failed to pursue any employment opportunities in these areas. To the contrary, he lived room and board free with his mother throughout 1993 and 1994 and collected unemployment benefits until January 30, 1994. During this time period, she also advanced him approximately $10,000. He finally obtained employment through his father's newly formed construction company in June 1994 at the rate of $8 per hour. In light of this evidence, which demonstrates a lack reasonable efforts to obtain gainful employment that would have enabled him to meet his child support obligation (*see, Matter of Nickerson v Bellinger, supra*; *Matter of Sutphin v Dorey*, 233 AD2d 698, 699; *Matter of Shaver v Shaver*, 232 AD2d 813, *lv denied* 89 NY2d 808), petitioner did not satisfy his burden on the issue of inability to pay (*see, Matter of Warner v Monroe*, 262 AD2d 684; *see also, Matter of Powers v Powers, supra*, at 69). A finding of willfulness was thoroughly warranted.

We are also satisfied that petitioner failed to meet his burden of showing a change in circumstances sufficient to warrant a downward modification of child support (*see, e.g., Matter of Lutsic v Lutsic*, 245 AD2d 637, 638; *Matter of Davis v Davis*, 197 AD2d 622, 623). This obligation "is not necessarily determined by [petitioner's] existing financial situation but, rather, by his * * * ability to provide support" (*Matter of Lutsic v Lutsic, supra*, at 638). The record reveals that petitioner had the ability to provide support but made no reasonable efforts to find employment, choosing instead to live off his mother and collect unemployment until it finally ran out. Although petitioner was able to earn a significant salary in 1992 as an ironworker in the Albany area and claims that equivalent opportunities were unavailable when he relocated to Plattsburgh,

we find " 'the reversal in [his employment/financial] condition' " was brought about by his own actions and inactions such that he did not prove an entitlement to a downward modification of support (*Matter of Sutphin v Dorey, supra,* at 699, quoting *Matter of Doscher v Doscher,* 80 AD2d 945, *affd* 54 NY2d 655).

Petitioner's remaining contentions, to the extent preserved for our review, are without merit.

Peters, J. P., Spain and Graffeo, JJ., concur. Ordered that the orders are affirmed, without costs.