■ In the Matter of MARGARET FRANKLIN, Respondent, v JOSEPH FRANKLIN, Appellant. [702 NYS2d 225] —Mugglin, J. Appeal from an order of the Family Court of Albany County (Tobin, J.), entered December 11, 1998, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 4, for an upward modification of respondent's child support obligation.

Petitioner, respondent's daughter, instituted this proceeding pursuant to Family Court Act article 4 seeking an upward modification of respondent's child support obligation fixed at $50 per week in June 1997. The petition for modification of the existing child support order alleged as a change of circumstances the cessation of monthly Social Security benefits. At the conclusion of a fact-finding hearing, the Hearing Examiner granted the petition and increased respondent's weekly child support obligation from $50 to $100. The Hearing Examiner found that petitioner demonstrated a substantial change of circumstances warranting the upward modification in that petitioner no longer received monthly Social Security benefits of $344, incurred increased expenses due to her full-time college enrollment and had increased expenses for housing, transportation and food. Family Court denied respondent's objections to the Hearing Examiner's findings of fact and conclusion of law and this appeal by respondent followed.

We affirm. As a starting point, we observe that where a party is seeking to modify a prior court order of child support, the party need only demonstrate a change in circumstances sufficient to warrant a modification (*see,* Family Ct Act § 461 [b] [ii]; *Matter of Urbach v Krouner,* 213 AD2d 833, 835; *Matter of Kemenash v McIntyre,* 205 AD2d 898, 899). Based upon our review of the record as a whole, we conclude that petitioner has demonstrated a change in circumstances sufficient to warrant modification of the previous child support order. There is no merit to respondent's contention that petitioner's evidence was insufficient, uncorroborated and incredible and failed to demonstrate the requisite change in circumstances. "[I]n evaluating whether there has been any change in circumstances the findings of the Hearing Examiner and Family Court are to be accorded deference by [the Appellate Division]" (*Matter of Litchfield v Litchfield,* 195 AD2d 747, 750; *see, Mat-*

*ter of Sorrentino v Sorrentino*, 203 AD2d 829). First, we note that petitioner's claim of a cessation of monthly Social Security benefits in the sum of $344 is unchallenged by respondent. Second, it is undisputed that petitioner is now a full-time college student who is employed on a part-time basis, living with her grandparents. Although petitioner's claimed monthly expenses are undocumented, as she pays all expenses in cash, we find no reason to disturb the affirmed findings of fact of the Hearing Examiner. The Hearing Examiner found petitioner's testimony to be credible and such an assessment of credibility must be afforded great weight, absent a clear abuse of discretion. This record does not demonstrate that the claimed monthly expenses are so speculative as to cast doubt on petitioner's credibility (*see, Matter of Litchfield v Litchfield, supra*, at 749). The cessation of Social Security benefits, together with the increased expenses incurred by petitioner, adequately supports the upward modification granted by the Hearing Examiner.

Mercure, J. P., Crew III, Peters and Carpinello, JJ., concur. Ordered that the order is affirmed, without costs.