■ In the Matter of DELAWARE COUNTY DEPARTMENT OF SOCIAL SERVICES, on Behalf of TINA M. KERSCHNER, Appellant, v JEFFREY BROOKER, Respondent. [707 NYS2d 555] —Graffeo, J. Appeal from an order of the Family Court of Delaware County (Estes, J.), entered October 27, 1999, which partially granted petitioner's application, in a proceeding pursuant to Family Court Act article 4, to hold respondent in willful violation of a prior order of support.

Pursuant to an order issued by Family Court, respondent was obligated to pay $24 per week in child support to the Delaware County Support Collection Unit. When respondent failed to make the required payments after September 1998, petitioner commenced this proceeding alleging that respondent willfully violated the order of support. A hearing ensued, following which the Hearing Examiner found that respondent willfully violated the order of support from September 1998 through May 1999, directed respondent to pay child support and suspended a sentence of incarceration contingent upon respondent's partial payment of $400 towards the arrears owed before a specified date. Respondent failed to make his partial payment and after a second hearing, Family Court determined that respondent's ability to pay had not been established beyond December 1998 and, therefore, declined to sentence respondent to a term of incarceration. Petitioner appeals.

Petitioner contends that Family Court improperly shifted the burden of proof on the issue of respondent's ability to pay

in holding that respondent did not willfully violate the order of support beyond December 1998. We agree. Respondent's failure to make any court-ordered support payments after September 1998, standing alone, established petitioner's prima facie case of a willful violation (*see*, Family Ct Act § 454 [3] [a]; *Matter of Houk v Meyer*, 263 AD2d 688, 689; *Matter of Ciampi v Sgueglia*, 252 AD2d 755, 757). The burden then shifted to respondent "to offer some competent, credible evidence of his inability to make the required payments" (*Matter of Powers v Powers*, 86 NY2d 63, 69-70; *see*, *Matter of Warner v Monroe*, 262 AD2d 684, 685; *Matter of Nickerson v Bellinger*, 258 AD2d 688). Here, because Family Court's determination was based upon the absence of proof regarding respondent's income, expenses and general ability to pay beyond December 1998, Family Court impermissibly shifted the burden of proof to petitioner to establish respondent's ability to pay. Accordingly, the matter must be remitted to Family Court for further proceedings on this issue.

We reach a different conclusion with respect to petitioner's assertion that Family Court erred in declining to sentence respondent to a term of incarceration. Whether to impose a sentence of imprisonment for a willful violation of an order of support is a matter within Family Court's sound discretion (*see*, Family Ct Act § 454 [3] [a]) and we find no basis to disturb it under the circumstances presented here.

Crew III, J. P., Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as found that respondent did not willfully violate the order of support beyond December 1998; matter remitted to the Family Court of Delaware County for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.