■ In the Matter of Jose Feliciano, Respondent, v Karina L. Nielsen, Appellant. [722 NYS2d 825] —Peters, J. Appeal from an order of the Family Court of Cortland County (Avery, Jr., J.), entered March 10, 2000, which, *inter alia*, granted petitioner's application, in a proceeding pursuant to Family Court Act article 4, to hold respondent in willful violation of a support order.

Pursuant to a November 1998 order, respondent was directed to pay support in the amount of $98 per week for her children. In its decision, Family Court noted that respondent earned a Bachelor's degree from Fordham University in Business Administration and was previously employed as an assistant vice-president for Banc Endo Swiss, a private international bank. Notwithstanding her ability to speak both Spanish and French, she ultimately left the field of international banking to commence a career in sheep farming. Abandoning that business when the parties physically separated, she pursued numerous other businesses which have never been profitable. Basing the child support obligation, in part, on her 1997 Federal income tax return as well as her earning ability, the court rejected her unsubstantiated allegations that she suffers from TMJ, a painful jaw abnormality, which medically impacts upon her ability to earn income. Notably, in her November 1996 request for child support from petitioner, there was a similar assessment by the court that she embraces an unreasonable "disinclination to be gainfully employed."

In March 1999, respondent petitioned for a downward modification of child support, contending that she had been diagnosed with depression-major which precluded her ability to work. Although her primary source of income was public assistance, she advised Family Court that she had an application for disability benefits pending. While the fact-finding hearing on such petition was adjourned, petitioner commenced a violation proceeding alleging that respondent was in arrears in the

amount of $4,041 and had not made any payments since October 14, 1998. At the conclusion of the combined hearing on these petitions, the Hearing Examiner found, *inter alia*, that respondent was in willful violation of the support order, dismissed the modification petition on the merits and referred the matter to Family Court pursuant to Family Court Act § 439 (a) with the recommendation that respondent be committed to the County Jail for 90 days. Upon Family Court's rejection of all objections to such order, this appeal ensued.

Before addressing the merits, we must note that in February 2000, respondent again sought a modification of the November 1998 support order. When petitioner failed to appear, the Hearing Examiner, by order dated July 5, 2000, vacated the November 1998 order, effective February 14, 2000, as well as a portion of the arrears owed to petitioner as determined by its prior order.* Hence, when the matter returned to Family Court for a hearing regarding commitment, Family Court found that no sanction should be imposed due to the July 5, 2000 order of the Hearing Examiner.

Petitioner asserts that a motion to vacate the default judgment is currently pending and, therefore, the instant matter should not be dismissed as moot since the issue of sanctions may ultimately be reconsidered. As the sole issue on appeal concerns the finding of "willfulness," we agree that the issue is not moot due to the procedural posture of the July 5, 2000 order, as well as the impact that our affirmance of such finding could have on future proceedings.

Respondent's undisputed failure to proffer any payments toward court-ordered support since October 1998 established, prima facie, a willful violation (*see,* Family Ct Act § 454 [3] [a]; *Matter of Delaware County Dept. of Social Servs. v Brooker,* 272 AD2d 835, 836). "The burden then shifted to [her] 'to offer some competent, credible evidence of [her] inability to make the required payments' " (*Matter of Delaware County Dept. of Social Servs. v Brooker, supra,* at 836, quoting *Matter of Powers v Powers,* 86 NY2d 63, 69-70). Respondent's testimony describing her physical and emotional disabilities was not buttressed by any admissible medical evidence; her introduction into evidence of a letter from Social Security stating that she is entitled to disability benefits upon a finding that she "became disabled" as of February 10, 1996 was not sufficient.

The record further reveals that in August 1999, respondent

---

* It did, however, deny respondent's request to vacate arrears due by assignment from petitioner without prejudice since the Department of Social Services was not provided with notice of the proceeding.

received and dissipated a lump-sum retroactive $14,000 Social Security disability payment without ever making a single child support payment. She explained that her choice to repay a loan to her parents was upon her mistaken belief that her children's receipt of their retroactive Social Security disability payment, made as a result of her condition, operated to offset her child support obligation.

Giving deference to Family Court's evaluation of respondent's credibility (*see, Matter of Gail O. v Van Randolph P.*, 60 AD2d 944), and mindful of its prior history with this litigant, we find no basis upon which we would disturb Family Court's finding.

Mercure, J. P., Spain, Carpinello and Rose, JJ., concur. Ordered that the order is affirmed, without costs.

