■ In the Matter of MARION FROWEIN, Respondent, v MARK J. MURRAY, Appellant. [748 NYS2d 796] —Lahtinen, J. Appeal from an order of the Family Court of Albany County (Maney, J.), entered May 29, 2001, which partially granted petitioner's application, in a proceeding pursuant to Family Ct Act article 4, for enforcement of a support order.

Petitioner and respondent were married in 1978 and divorced in 1989. The divorce judgment incorporated but did not merge a separation agreement executed by the parties in 1989 which, among other things, provided that respondent was to pay support for the parties' two children and that both parties agreed to "assist, reasonably, in the further costs of the children's higher educations, based upon the respective financial circumstances of the parties." In October 2000, petitioner commenced this proceeding seeking to enforce the terms of the divorce judgment by compelling respondent to pay the full amount of child support due under the incorporated separation agreement, including all accrued arrears, and to contribute to the college expenses for their daughter.

Following a hearing, the Hearing Examiner established respondent's child support arrears at $42,198, rejected respondent's defense that petitioner waived her right to those arrears and, applying the statutory formula of the Child Support Standards Act to the parties' first $80,000 of combined parental income (see Family Ct Act § 413 [1] [b], [c]), established respondent's biweekly support obligation. The Hearing Examiner also found that respondent had the financial ability to contribute to his daughter's college expenses and ordered him to pay 50% of the child's reasonable college education expenses until she was emancipated. Family Court denied respondent's timely written objections to the Hearing Examiner's decision. Respondent now appeals.

Initially, respondent contends that both the Hearing Examiner and Family Court erred in rejecting his defense that petitioner waived her claim for unpaid child support based on

the language of the parties' separation agreement and the history of his child support payments. We disagree. Respondent's claim that in June or July 1994 the parties orally agreed* that respondent's monthly child support would thereafter be $850 was contradicted by petitioner, who testified that she made no such agreement and that she continued to demand that respondent pay the support called for under the terms of the incorporated separation agreement. The Hearing Examiner credited petitioner's testimony on this issue, finding that petitioner did not agree to a prospective waiver of child support (cf. Matter of O'Connor v Curcio, 281 AD2d 100) and, on this record, we must defer to her credibility determination (see Matter of Liccione v John H., 65 NY2d 826, 827; Matter of Feliciano v Nielsen, 282 AD2d 783, 785; Matter of Franklin v Franklin, 268 AD2d 814, 815). Accordingly, Family Court properly fixed respondent's child support arrears at $42,198 (see Matter of Dox v Tynon, 90 NY2d 166, 168).

We are unpersuaded by respondent's further contention that Family Court abused its discretion in directing him to pay 50% of his daughter's reasonable college expenses until she reaches the age of emancipation. The parties' separation agreement required respondent to assist with payment of reasonable college expenses for his children and made no distinction between the cost of a private and public college, nor did it establish a cap for college expenses. The record reflects that the Hearing Examiner thoroughly reviewed respondent's financial circumstances, concluded that his financial difficulties were the result of "voluntary debt, discretionary spending and voluntarily deferred income," and determined that he was capable of paying 50% of his daughter's college expenses. Considering such circumstances, together with the additional facts that respondent and petitioner attended college and acknowledged that their daughter was an exceptional student, we find that Family Court did not abuse its discretion in upholding the Hearing Examiner's determination that respondent pay 50% of his daughter's college expenses (see Family Ct Act § 413 [1] [c] [7]; Matter of Cohen v Rosen, 207 AD2d 155, 157, lv denied 86 NY2d 702; Matter of Healey v Healey, 190 AD2d 965, 968).

Cardona, P.J., Mercure, Spain and Carpinello, JJ., concur. Ordered that the order is affirmed, without costs.

---

* We note that, pursuant to the terms of the parties' separation agreement, modifications to the agreement were required to be in writing.