■ In the Matter of COMMISSIONER OF SOCIAL SERVICES, Respondent, v ELDER MERCHANT, Appellant. [749 NYS2d 520] —Order, Family Court, New York County (Sheldon Rand, J.), entered on or about August 13, 2001, which denied respondent's objections to the Hearing Examiner's June 13, 2001 order of support denying respondent's application for a downward modification of his child support obligation, unanimously affirmed, without costs.

Respondent, in seeking downward modification of his child support obligation, failed to meet his burden to demonstrate a substantial, unanticipated or unavoidable change in circumstances rendering it unreasonable to require him to continue to pay child support at the level ordered (*see O'Brien v McCann*, 249 AD2d 92, 93; *and see Mancini v Borowicz*, 271 AD2d 789, 791). Respondent was on notice for eight years that he would lose his teaching license if he failed to obtain a Master's degree. Accordingly, his loss of his license for failing to obtain a Master's degree was not unanticipated (*cf. Mancini v Borowicz, supra*). Moreover, the evidence indicates that respondent's failure to obtain a Master's degree within the requisite time was the consequence of his own volitional choices and was thus not unavoidable and, for that reason as well, not a proper predicate for his application to reduce his child support obligation (*see David W. v Julia W.*, 158 AD2d 1, 7-8).

Respondent's remaining contentions are unavailing. Concur—Mazzarelli, J.P., Saxe, Ellerin, Lerner and Marlow, JJ.