■ In the Matter of STACIA D. HEYN, Respondent, v TIMOTHY T. BURR, Appellant. (And Another Related Proceeding.) [774 NYS2d 203]—

Mugglin, J. Appeal from an order of the Family Court of Otsego County (Coccoma, J.), entered April 22, 2003, which, inter alia, dismissed respondent's application, in a proceeding pursuant to Family Ct Act article 4, for modification of a prior order of child support.

In December 2002, respondent petitioned Family Court for a downward modification of his court-ordered child support obligation asserting that he was laid off in January 2002 and that his unemployment benefits had expired. Petitioner interposed a cross petition alleging, among other things, that respondent willfully violated the court order by not paying child support since November 12, 2002. Following a joint fact-finding hearing, the Support Magistrate denied the requested downward modification, holding that respondent had not made a good faith effort to find employment and that respondent willfully failed to obey the court order. Respondent's objections to the findings of the Support Magistrate were dismissed by Family Court. Respondent appeals.*

We affirm. The party seeking to modify a child support order must establish a sufficient change in circumstances warranting the requested downward modification (*see Matter of Phelps v La Point*, 284 AD2d 605, 609 [2001]; *Matter of Bouchard v Bouchard*, 263 AD2d 775, 777 [1999]; *Matter of Hanehan v Hanehan*, 260 AD2d 685, 686 [1999]). "This obligation 'is not necessarily determined by [respondent's] existing financial situation but, rather, by his . . . ability to provide support' " (*Matter of Bouchard v Bouchard, supra* at 777, quoting *Matter of Lutsic v Lutsic*, 245 AD2d 637, 638 [1997]).

Respondent holds an Associate's degree in Construction Technology and a Bachelor's degree in Civil Engineering. He has been previously employed in the construction field, as well as in the retail automobile business. Despite having the burden of proof, his testimony before the Support Magistrate concerning his search for employment was limited to, "I've applied for many jobs in the area and some outside the area in my field, construction," and "I went to a lot of interviews but I didn't get hired. I'm still looking now." The Support Magistrate determined that it was not credible that respondent had made a good faith effort to find work but could not. Respondent argues that this determination is "unsupported by the record." We are unpersuaded. Since the Support Magistrate heard and observed respondent's testimony, due deference to the Support Magistrate's assessment of respondent's credibility is warranted (*see Matter of Liccione v John H.*, 65 NY2d 826, 827 [1985]; *Matter of Frowein v Murray*, 298 AD2d 647, 648 [2002]; *Matter of Feliciano v Nielsen*, 282 AD2d 783, 785 [2001]; *Matter of Franklin v Franklin*, 268 AD2d 814, 814-815 [2000]; *Matter of Reed v Reed*, 240 AD2d 951, 952 [1997]). Respondent's record

---

* Respondent does not challenge the finding that he willfully failed to obey the child support order.

testimony is clearly inadequate to meet his burden. We have examined respondent's other arguments and find that they are both unpreserved for appellate review and without merit.

Cardona, P.J., Mercure, Crew III and Carpinello, JJ., concur. Ordered that the order is affirmed, without costs.