■ In the Matter of JOSEPH B. CARR, Appellant, v DONNA L. CARR, Respondent. (And Another Related Proceeding.) [797 NYS2d 594]—

Mercure, J. Appeals (1) from an order of the Family Court of Albany County (Maney, J.), entered November 21, 2003, which dismissed petitioner's application, in a proceeding pursuant to Family Ct Act article 4, for modification of a prior child support order, and (2) from an order of said court, entered November 5, 2004, which dismissed petitioner's application, in a proceeding pursuant to Family Ct Act article 4, for modification of a prior child support order.

Facts relevant to the instant appeals are fully discussed in our prior decisions in matters involving the parties (309 AD2d 1001 [2003]; 291 AD2d 672 [2002]). The parties were divorced in September 2000, at which time petitioner was directed to pay child support for their daughter, born in 1988, in the amount of $490 per month. In April 2002, respondent petitioned Family Court for, among other things, an upward modification of child support, based upon a substantial increase in petitioner's income since the time of the divorce, as reflected in his 2001 income tax return (hereinafter proceeding No. 1). Family Court increased petitioner's child support obligation to $3,250.68 per month. In February 2003, and while petitioner had an appeal pending in proceeding No. 1, he applied for a downward modification of Family Court's award, citing substantially reduced income as set forth in his 2002 tax return (hereinafter proceeding No. 2). Finding, among other things, that petitioner had not met his burden of showing a change in circumstances sufficient to warrant a downward modification of the child support award, the Support Magistrate dismissed the petition. Petitioner asserted objections, but prior to Family Court's determination of the objections, the award in proceeding No. 1 was reduced by this Court to $2,336.02 per month (309 AD2d 1001, 1004 [2003], *supra*). In November 2003, Family Court dismissed petitioner's objections in proceeding No. 2 as moot, and petitioner appeals therefrom.

In January 2004, petitioner again applied for a downward modification of this Court's order of child support in the amount of $2,336.02 per month, contending that his 2003 income tax return showed substantially less income than the 2001 income tax return upon which this Court's order was based (hereinafter proceeding No. 3). The same Support Magistrate determined again that petitioner had failed to show a substantial change in circumstances and dismissed the petition. Family Court dismissed petitioner's objection in proceeding No. 3, and petitioner appeals.

In the 1990s, the parties enjoyed a lavish lifestyle supported by petitioner's substantial income as a 52% partner in the law firm of McClung, Peters and Simon (hereinafter the McClung firm), which income peaked at $547,537 in 1995 (291 AD2d 672, 674-675 [2002], *supra*). It is not disputed that petitioner's income, as reported in his tax returns from 1999 through 2003, fluctuated widely due to the dissolution of the McClung firm. His 1999 tax return—upon which the initial child support calculation was based—reported income of only $44,620. In July 2000, petitioner obtained employment at the law firm of Couch White at an annual salary of $135,000, which has remained unchanged. His 2001 tax return upon which the upward modification in proceeding No. 1 was based—reported income of $277,566, including his Couch White salary and residual income from the McClung firm. His 2002 tax return showed income of $60,116, which included his Couch White salary and losses attributable to the McClung firm. By 2003, matters from the McClung firm were almost completely resolved, and petitioner's tax return for that year showed income of $141,415, including his salary and interest income.

At the time of his application in proceeding No. 3, petitioner continued to live in the marital residence, which had been valued at $650,000 at the time of the divorce (*id.* at 673). In the financial information sheet submitted to Family Court in connection with proceeding No. 3, petitioner claimed net annual income of approximately $80,000, which included a monthly payment of $750 from a woman who was living with him. Petitioner asserted that his income had been supplemented by the liquidation of certain assets, and he acknowledged that the value of his retirement accounts had increased by $200,000 during the past year. Petitioner claimed annual expenses of approximately $130,200— including annual payments of $41,500 to a former wife, as well as nearly $10,000 for country club expenses and $9,800 for lawn care and pool maintenance—which was approximately half the amount of his expenses in 2001. Petitioner claimed little debt other than the mortgage on his residence and amounts owed to his attorney. Based solely upon his income in 2003, petitioner seeks to have his monthly child support obligation reduced to as little as $240.68.

Turning first to petitioner's appeal from Family Court's order dismissing his objections in proceeding No. 2 as moot, he correctly contends that this Court's modification of the child support award in proceeding No. 1 did not render moot his application in proceeding No. 2. This Court's downward modification of Family Court's award was based upon petitioner's 2001

income of $277,566, and did not address the claimed change in circumstances set forth in petitioner's application for downward modification based upon his income of $60,116 in 2002. Nevertheless, no further proceedings are necessary in proceeding No. 2 because proceeding No. 3 has rendered it academic. Petitioner's application in proceeding No. 3 seeks a downward modification of the child support award in proceeding No. 1, and thus, our review of Family Court's dismissal of proceeding No. 3 will be based upon a comparison of petitioner's circumstances at the times of those two proceedings, without regard to the claimed change of circumstances in proceeding No. 2. We note that petitioner's income of $60,116 in 2002 was an anomaly attributable to one-time losses occasioned by the dissolution of the Mc-Clung firm, and petitioner concedes that the level of income reflected in proceeding No. 3 is now stable. Moreover, any further litigation in proceeding No. 2 will be futile because even if petitioner obtained a downward modification of child support for the period of time covered in proceeding No. 2, he cannot now recover for overpayments of child support (*see Kayemba v Kayemba*, 309 AD2d 1045, 1047 [2003]; *Baraby v Baraby*, 250 AD2d 201, 205 [1998]; *Foxx v Foxx*, 114 AD2d 605, 607 [1985]). Thus, although petitioner's objections in proceeding No. 2 were improperly dismissed as moot, they are moot now and Family Court's order dismissing proceeding No. 2 will be affirmed.

Turning to the appeal in proceeding No. 3, a petitioner seeking a downward modification of a prior order of support must demonstrate a substantial change in circumstances warranting a downward modification (*see Cynoske v Cynoske*, 8 AD3d 720, 722 [2004]; *Matter of Heyn v Burr*, 6 AD3d 781, 782 [2004]; *Matter of Strack v Strack*, 225 AD2d 872, 873 [1996]). A reduction in a payor's net income, while a primary element of the analysis, does not limit Family Court's ability to examine the financial circumstances at the time of the prior order and the financial circumstances at the time of the application for modification (*see Rosen v Rosen*, 193 AD2d 661, 662 [1993]) and to consider whether the payor has the means or ability to comply with the prior order of support (*see Kay v Kay*, 37 NY2d 632, 636, 637 [1975]; *Matter of Bouchard v Bouchard*, 263 AD2d 775, 777 [1999]; *Matter of Lutsic v Lutsic*, 245 AD2d 637, 637-638 [1997]; *Matter of Darling v Darling*, 220 AD2d 858, 859 [1995]; *Matter of Buley v Buley*, 142 AD2d 814, 815 [1988]). Petitioner's view, as revealed by his limited presentation of evidence at the hearing and as asserted in his objection, would improperly narrow the required showing of a substantial change in financial circumstances to a showing of a substantial change in reported income, which would invite petitions for modification any and

every time there was a bump or dip in a payor's income without regard to whether the payor has assets and/or earning capacity that are not reflected in the payor's tax return in a particular year. This is not the law, nor should it be.

Notwithstanding the undisputed reduction in income as reflected in his 2001 and 2003 tax returns, petitioner did not establish that his financial circumstances had deteriorated such that he lacked the means to pay monthly child support in the amount of $2,336.02. His income remained substantial, as did his assets, and his significant expenditures on such luxuries as country club fees and lawn care belie any claim that he could not afford his child support obligation. We simply cannot agree that petitioner's volitional depletion of his savings to maintain his prior standard of living should be ignored in favor of a reduction in child support, particularly where, as here, petitioner concedes that he typically bills no more than 18 hours per week at Couch White (*cf. Kay v Kay, supra* at 637). We reiterate that while the parties' income will be used to establish the "basic child support obligation" (*see* Family Ct Act § 413 [1] [c]), a reduction in petitioner's income does not necessarily constitute a change in financial circumstances warranting a downward modification of child support. We conclude that the Support Magistrate and Family Court did not err in finding that petitioner did not meet his burden of establishing a change in circumstances warranting a downward modification of his child support obligation.

We have considered petitioner's remaining contentions, which either need not be reached or are without merit.

Cardona, P.J., Carpinello, Lahtinen and Kane, JJ., concur. Ordered that the orders are affirmed, without costs.