■ In the Matter of MARIE BIANCHI, Respondent, v DAVID E. BREAKELL, Appellant. (Proceeding No. 1.) In the Matter of DAVID E. BREAKELL, Appellant, v MARIE BIANCHI, Respondent. (Proceeding No. 2.) [852 NYS2d 454]—

---

Peters, J. Appeals (1) from an order of the Family Court of Albany County (Duggan, J.), entered June 9, 2006, which, among other things, granted petitioner's motion, in proceeding No. 1 pursuant to Family Ct Act article 4, to withdraw her request for a cost of living adjustment to respondent's child support obligation, and (2) from an order of said court, entered October 16, 2006, which dismissed respondent's application, in proceeding No. 2 pursuant to Family Ct Act article 4, for modification of a prior child support order.

Having previously reviewed this matter (23 AD3d 947 [2005]), we remitted to Family Court for further proceedings to specifically address the income it imputed to respondent (hereinafter the father) after a hearing which was triggered by his objection to a cost of living adjustment (hereinafter COLA). At that time, the father's petition seeking a downward modification of his child support obligation was pending. The matter now returns to us after Family Court granted a motion by petitioner (hereinafter the mother) to withdraw her COLA request and, therefore, proceeded to a hearing where a determination was made that the father failed to demonstrate a substantial change in circumstances to support his modification petition.

Recognizing the procedural posture of proceeding No. 1 and that CPLR 3217 permits a voluntary discontinuance of a claim by court order "upon terms and conditions, as the court deems proper" (CPLR 3217 [b]; *see Tucker v Tucker*, 55 NY2d 378, 383 [1982]), we find that Family Court had the requisite authority to grant the mother's motion, in the absence of special circumstances or "[p]articular prejudice to the [father] or other improper consequences flowing from discontinuance" (*Tucker v Tucker*, 55 NY2d at 383; *see Christenson v Gutman*, 249 AD2d

805, 806 [1998]). Family Court properly discerned, over the father's objection, that the discontinuance of the COLA proceeding would not be prejudicial to him as his pending modification petition remained.

In seeking a downward modification of the prior order of child support in proceeding No. 2, the father was required to demonstrate a substantial change in circumstances warranting such a modification since the 1998 order of support (*see Matter of Freedman v Horike*, 26 AD3d 680, 682 [2006]; *Matter of Carr v Carr*, 19 AD3d 839, 843 [2005]). The father is a college graduate with a degree in civil engineering. From 1980 until 1995, he worked for construction businesses either partially or fully owned by his father. From 1995 to 2001, the father was self-employed as a general contractor through Manasota Construction, earning a gross annual income of $50,000 to $100,000. He asserts that his annual net income from the business was only 25% to 30% of the gross. He had no employment income in the 2001 and 2002 years because he chose not to work in order to care for his newly born child. Thereafter, the father became employed as a general contractor with LDB Associates, a company owned by his father and current wife, working approximately 40 to 60 hours per week and receiving an annual salary of $35,000, which was what his father "offered [him] to take over the position."

"It is well settled that a parent's child support obligation is determined by his or her ability to provide support, rather than the parent's current financial situation" (*Matter of Rubley v Longworth*, 35 AD3d 1129, 1130 [2006], *lv denied* 8 NY3d 811 [2007] [citations omitted]; *see Matter of Freedman v Horike*, 26 AD3d at 682; *McMillen v Miller*, 15 AD3d 814, 816 [2005]). Here, the Support Magistrate found that the father remains employable and able to work in the construction field, where he earned between $50,000 to $100,000 from 1995 to 2001. Despite the father's assertions to the contrary, the record makes clear that the Support Magistrate did not mistakenly base the father's earning potential upon the gross revenue of his business, instead of the net income after expenses, but rather chose to discredit his testimony in this respect. Notably, the father never proffered any tax returns or W-2 forms to substantiate his uncorroborated claims that he netted a meager 25% to 30% of the gross annual income. "Given the paucity of proof in this record, that decision was largely a credibility determination to which this Court will accord deference" (*Matter of Holscher v Holscher*, 4 AD3d 629, 630 [2004], *lv denied* 3 NY3d 606 [2004] [citations omitted]; *see Matter of Frowein v Murray*, 298 AD2d 647, 648 [2002]).

Finding that the father had previously earned significantly more income at the time of the prior support order than his reported $35,000 current salary, it was within Family Court's discretion to deny him a downward modification of the support order due to his failure to seek more lucrative employment outside of his family and more consistent with his education and experience. A petition for downward modification of child support " 'may be denied when the moving party has not made a good faith effort to obtain employment commensurate with his or her qualifications' " (*Matter of Madura v Nass*, 304 AD2d 579, 580 [2003], quoting *Matter of Musumeci v Musumeci*, 295 AD2d 516, 516 [2002]). The father has, at all times, chosen to work for either himself or his family and has made no attempt to pursue a position in the engineering field for which he holds a degree. Having "failed to use his best efforts to obtain a . . . position which would utilize his education and skills" (*Matter of Yepes v Fichera*, 230 AD2d 803, 804 [1996]; *see Hall v Hall*, 22 AD3d 979, 981 [2005]; *Matter of Bouchard v Bouchard*, 263 AD2d 775, 777 [1999]), the father's claimed inability to meet his support obligations on his current salary is a self-created hardship, brought about by his own actions or inactions, which is insufficient to establish entitlement to a downward modification (*see Hall v Hall*, 22 AD3d at 981; *Matter of Crystal v Corwin*, 274 AD2d 683, 685 [2000]; *Matter of Sutphin v Dorey*, 233 AD2d 698, 699 [1996]).*

Finally, finding no error in Family Court's rejection of the conclusions reached by the father's forensic expert and its rejection of the father's assertions that his accumulation of debt and sale of assets constitute a substantial change in circumstances, we decline to disturb the court's determination.

Cardona, P.J., Carpinello, Rose and Malone Jr., JJ., concur. Ordered that the orders are affirmed, without costs.

---

* Likewise, although the father partially attributes his inability to meet his support obligation to the fact that he did not work during 2001 and 2002 to care for his child, " '[a] voluntary decision by a parent to reduce his or her income is not a change of circumstances warranting the reduction of a child support obligation' " (*Matter of Reach v Reach*, 307 AD2d 512, 513 [2003], quoting *Matter of Crosby v Hickey*, 289 AD2d 1013, 1014 [2001]; *see Matter of Sutphin v Dorey*, 233 AD2d at 699).