■ In the Matter of THOMAS E. FLANIGAN, Appellant, v BONNIE JEAN SMYTH, Respondent. [933 NYS2d 759]—

Malone Jr., J.

The parties, who were never married, are the parents of one child (born in 2000) and, pursuant to an order entered in 2004, petitioner (hereinafter the father) was required to, among other things, pay child support in the amount of $1,750 per month. This amount reflected a downward deviation from the Child Support Standards Act (see Family Ct Act § 413), the application of which would have resulted in a presumptive support amount of $2,833 per month based upon the father's yearly income of $207,890. In 2007, the father unsuccessfully sought a downward modification of the support amount on the basis that, through no fault of his own, he was no longer employed. In dismissing the petition, by order entered in March 2008, Family Court determined that, although the father had lost his employment and made a reasonable search for new employment, he had nevertheless failed to demonstrate a change in circumstances warranting a reduction in his support obligation. Specifically, the court found that the father was possessed of sufficient means and ability to continue to provide the current rate of support, despite his unemployment, considering that he had more than $2 million in investment assets and $100,000 in a checking account. Thereafter, Family Court apparently adjusted the father's support obligation to $1,962 per month pursuant to a cost of living order.

The father commenced the instant proceeding in May 2009, again seeking a downward modification of his support obligation on the basis of his continued unemployment. Following a hearing, the Support Magistrate determined that the father had not established that there had been a change in circumstances since his previous unsuccessful attempt to modify the support order. The father filed objections to the findings of fact of the Support Magistrate, which were denied by Family Court. The father now appeals.

We affirm. The evidence presented by the father at the hearing does not demonstrate that there has been a substantial change in circumstances warranting a modification of his child support obligation (*see Matter of Bianchi v Breakell*, 48 AD3d 1000, 1002 [2008]; *Matter of Freedman v Horike*, 26 AD3d 680, 682 [2006]; *Matter of Carr v Carr*, 19 AD3d 839, 842 [2005]). At the ensuing fact-finding hearing, the father testified that for 35 years he had worked as a chief financial officer in public finance in various states, including in New York. During the five years preceding the hearing, he had applied for 40 to 50 positions and had received no offers of employment. He attributed this to his age (68 at the time of the hearing) and the fact that he believed he was overqualified for many of the positions for which he had applied. He testified that his only means of searching for jobs was to subscribe to trade magazines and by "networking." The father admitted that he had restricted his search to positions within the public finance sector, in which he claimed to be an expert, and had not broadened his search to include related positions, such as consulting, writing or teaching, because he claimed—without providing any proof—that he was not qualified for such positions. On this record, and according deference to Family Court's credibility assessments, the evidence supports the finding that the father's search for employment was not reasonable or diligent under the circumstances (*see Matter of Bianchi v Breakell*, 48 AD3d at 1002-1003; *Matter of Freedman v Horike*, 26 AD3d at 681-682; *Matter of Heyn v Burr*, 6 AD3d 781, 782 [2004]).

Moreover, "[a] parent's child support obligation is not necessarily determined by his or her current financial condition, but rather by his or her ability to provide support" (*Matter of Davis v Davis*, 13 AD3d 623, 624 [2004], *lv dismissed* 5 NY3d 746 [2005]; *see Matter of Freedman v Horike*, 68 AD3d 1205, 1206 [2009], *lv dismissed in part and denied in part* 14 NY3d 811 [2010]; *Matter of Carr v Carr*, 19 AD3d at 842). Although the father testified that, since 2006, he had been forced to liquidate approximately $80,000 of his assets in order to afford the support payments for the child, and alleged that he would quickly deplete his entire portfolio if his support obligation was not reduced to $513 per month, the record demonstrated that his investment portfolio was valued at more than $2 million. Further, the father admitted that he refused to claim his monthly Social Security benefit, which would result in a monthly beneficiary payment being paid to the child, because he wanted to defer claiming such until the amount of his benefit had been maximized. In terms of income, the father testified that he collects a pension from New York and receives interest and

dividends from his investments. Under the circumstances here, Family Court and the Support Magistrate did not err in finding that the father possessed sufficient assets to meet his obligations under the current order of support.

We have considered, and are unpersuaded by, the father's remaining contentions, including his claim that Family Court erred by considering the existence of his investment assets in determining that he was able to meet his current support obligation.

Mercure, J.P., Spain, Lahtinen and Egan Jr., JJ., concur. Ordered that the order is affirmed, without costs.