Clark, J.
Appeal from an order of the Family Court of Schenectady County (Hall, J.), entered January 14, 2014, which, in a proceeding pursuant to Family Ct Act article 4, denied petitioner’s objections to an order of a Support Magistrate.
Petitioner (hereinafter the father) and respondent (hereinafter the mother) are the parents of two children (born in 1998 and 2000). Pursuant to the parties’ judgment of divorce dated September 10, 2008, they share joint legal and physical custody of the children and the father is required to, among other things, pay child support to the mother each week. In September 2012, the father petitioned to terminate the order of support alleging, among other things, that his support obligation was based on a higher income than he had earned for the past several years. The father thereafter filed an amended petition seeking to terminate or recalculate his child support obligation. The mother moved to dismiss the petition for failure to allege a substantial change in circumstances, which motion the Support Magistrate denied. Following a subsequent, hearing, the Support Magistrate dismissed the modification petition with prejudice based upon the father’s failure to meet his burden of proof. The father filed objections, which Family Court denied. The father now appeals from the order denying his objections.
We affirm. “It is well settled that a parent seeking , a downward modification of a child support order has the burden *1140 of establishing a change in circumstances sufficient to warrant the requested decrease” (Matter of Carnahan v Parrillo, 112 AD3d 1096, 1097 [2013] [citations omitted]; Matter of Bianchi v Breakell, 48 AD3d 1000, 1002 [2008]). The determination of whether there has been a substantial change in circumstances requires that the court compare the petitioner’s “financial circumstances at the time of the previous order with his [or her] financial circumstances at the time of his [or her] application for modification” so as to determine an ability to provide support (Cynoske v Cynoske, 8 AD3d 720, 722-723 [2004]; see Matter of Freedman v Horike, 68 AD3d 1205, 1206 [2009], lv dismissed and denied 14 NY3d 811 [2010]).
Here, the Support Magistrate properly determined that the father had not met his burden inasmuch as he failed to submit credible evidence of his income for 2012 and 2013 and, therefore, Family Court properly denied the father’s objections (see Matter of Bianchi v Breakell, 48 AD3d at 1002; Matter of Heyn v Burr, 6 AD3d 781, 782-783 [2004]; see also Family Ct Act § 413 [1] [b] [5] [i]).* The financial documentation and other evidence submitted by the father to the Support Magistrate provided an incomplete account of his financial situation at the time that he filed the petition and, by his own admission, were “rough guess[es]” or “guesstimate[s]” of his income. Therefore, Family Court properly sustained the Support Magistrate’s determination that the father failed to establish a requisite substantial change in circumstances that would warrant a downward modification of his child support obligation (see Matter of Kasabian v Chichester, 72 AD3d 1141, 1141-1142 [2010], lv denied 15 NY3d 703 [2010]; Matter of Bianchi v Breakell, 48 AD3d at 1002).
The father’s remaining contentions have been examined and found to be without merit.
Lahtinen, J.P., Garry and Egan Jr., JJ., concur. Ordered that the order is affirmed, without costs.

 At the time of the hearing in September 2013, the father had not yet filed his 2012 tax returns.