Matter of Rita F.H. v Jesse M.H. (2018 NY Slip Op 01264)





Matter of Rita F.H. v Jesse M.H.


2018 NY Slip Op 01264


Decided on February 22, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 22, 2018

Friedman, J.P., Sweeny, Kahn, Singh, Moulton, JJ.


5805 5804 5803 5802 5801 5800

[*1]In re Rita F.H., Petitioner-Appellant,
v
Jesse M.H., Respondent-Respondent.
In re Jesse M.H., Petitioner-Appellant
v
Rita F.H., Respondent-Respondent.


Kenneth M. Tuccillo, Hastings on Hudson, for Rita F.H., appellant/respondent.
Carol L. Kahn, New York, for Jesse M.H., respondent/appellant.



Order, Family Court, New York County (Jane Pearl, J.), entered on or about January 4, 2016, which, to the extent appealed from, denied respondent Jesse M.H.'s (respondent) objections to the portions of an order of a Support Magistrate, dated October 27, 2015, that found, after a hearing, that he willfully violated a support order, and dismissed without prejudice his petition for downward modification of his support obligation, and denied petitioner Rita F.H.'s (petitioner) objection to the part of the Support Magistrate's order that denied her request that respondent be incarcerated or directed to post an undertaking, unanimously affirmed, without costs.
Petitioner presented prima facie evidence of respondent's willful violation of a support order. In opposition, respondent failed to show by competent, credible evidence that his retirement was mandated by his medical condition so that he was incapable of making the required payments (see generally Matter of Powers v Powers, 86 NY2d 63, 69-70 [1995]). As the record reveals, the testimony of respondent's physician was inconsistent and, at times, contradictory regarding his treatment of respondent. In fact, the physician admitted that respondent's cardiac condition was stable at the time he recommended that respondent cease work. Moreover, the evidence established that respondent suffered from "mild to moderate aortic insufficiency," and such condition did not require a restriction of his activities. Accordingly, we see no reason to disturb the Support Magistrate's credibility findings, which are afforded deference (see e.g. Matter of Childress v Samuel, 27 AD3d 295, 296 [1st Dept 2006]).
Based on the record, and in light of the willfulness finding against respondent, the court acted within its discretion in denying his cross petition seeking a downward modification of his support obligation since he failed to establish that the reduction was unavoidable and not volitional (see Matter of Commissioner of Social Servs. v Merchant, 298 AD2d 334 [1st Dept 2002], lv denied 99 NY2d 510 [2003]). We take notice of respondent's prolonged history of evading his support obligations and defrauding petitioner (see U.S. v Hilsen, 2005 WL 3434778 [*2][SD NY 2005]; In re Hilsen, 404 BR 58, 67—69 [Bankr ED NY 2009]; In re Hilsen, 119 BR 435 [SD NY 1990]; Hilsen v Hilsen, 161 AD2d 459 [1st Dept 1990], lv denied 76 NY2d 714 [1990]).
Respondent's further claim that he was provided ineffective assistance of counsel is not properly before this Court, and, in any event, is without merit (see e.g. Matter of Matthew C., 227 AD2d 679, 682-683 [3d Dept 1996]).
Contrary to respondent's contention, the court did not direct him to comply with the life and health insurance provisions of the parties' judgment of divorce, but to provide proof that he was not insurable, as he argued in his defense. Since the record is silent as to whether he was subsequently ordered to obtain insurance, the issue is not properly before us.
As for petitioner's cross appeal, we find that the court providently exercised its discretion in declining to incarcerate respondent (see generally Matter of Delaware County Dept. of Social Servs. v Brooker, 272 AD2d 835 [3d Dept 2000], citing Family Court Act § 454[3][a]) or to direct him to post an undertaking. The parties are in their mid-70s, and, under the circumstances of this case, the Support Magistrate's decision to garnish respondent's income was an appropriate remedy.
We have considered the parties' remaining contentions, including the husband's argument that the Support Magistrate's evidentiary rulings deprived him of a full and fair hearing, and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: FEBRUARY 22, 2018
CLERK