Matter of Ramon ZZ. v Amanda YY. (2021 NY Slip Op 01544)





Matter of Ramon ZZ. v Amanda YY.


2021 NY Slip Op 01544


Decided on March 18, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 18, 2021

531187

[*1]In the Matter of Ramon ZZ., Appellant,
v
Amanda YY., Respondent.

Calendar Date: February 5, 2021

Before: Garry, P.J., Lynch, Aarons, Pritzker and Reynolds Fitzgerald, JJ.


D.J. & J.A. Cirando, PLLC, Syracuse (John A. Cirando of counsel), for appellant.



Aarons, J.
Appeal from an order of the Family Court of Broome County (Connerton, J.), entered August 26, 2019, which dismissed petitioner's application, in a proceeding pursuant to Family Ct Act article 4, to modify a prior order of support.
Petitioner (hereinafter the father) and respondent (hereinafter the mother) are the unmarried parents of a child (born in 2013), of whom the mother has sole custody. According to a July 2017 order of support, the father was required to pay child support in the amount of $181 per week, in addition to a 51% pro rata share of any uninsured health care expenses and day care costs for the child. In November 2017, the father commenced this proceeding for a modification of his child support obligations. A Support Magistrate found that the father failed to show an involuntary reduction in his income and, therefore, did not demonstrate a sufficient change in circumstances so as to warrant a downward modification. The Support Magistrate issued findings of fact and an order dismissing the modification petition. Family Court denied the father's objections thereto and concluded that the Support Magistrate's determination was proper. This appeal ensued. We affirm.
As relevant here, in seeking a downward modification, it was incumbent upon the father to show that, since the June 2017 order, there was a change in his gross income by at least 15% and that such reduction was involuntary and that he had made diligent efforts to secure employment commensurate with his ability, experience and education (see Family Ct Act § 451 [3] [b] [ii]). Even if we agreed with the father that the Support Magistrate incorrectly imputed income to him, the record supports the Support Magistrate's finding that his reduction in income was involuntary. The father premised his petition on the notion that his full-time employer required him to work more hours. The father, however, testified that the increase in work hours was only "strongly encouraged" and confirmed that there was no written documentation mandating such increase for employees. To the extent that the father maintains that he lost his part-time job in a department store, he admitted at the hearing that he merely quit this part-time job.
The Support Magistrate found that the father's claim of involuntary loss of income was not credible and strained credulity. Deferring to the Support Magistrate's assessment of the father's credibility (see Matter of Heyn v Burr, 6 AD3d 781, 782 [2004]), and in view of the hearing evidence, the petition was correctly dismissed (see Matter of Christopher C. v Kimberly C., 177 AD3d 1129, 1130 [2019]). The father's remaining contentions have been considered and are without merit.
Garry, P.J., Lynch, Pritzker and Reynolds Fitzgerald, JJ., concur.
ORDERED that the order is affirmed, without costs.