Matter of Rose v Lewandowski (2023 NY Slip Op 06015)

Matter of Rose v Lewandowski

2023 NY Slip Op 06015

Decided on November 22, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:November 22, 2023

535629
[*1]In the Matter Ronald C. Rose, Appellant,
v
Lynda Lewandowski, Respondent. 

Calendar Date:October 10, 2023

Before:Garry, P.J., Pritzker, Reynolds Fitzgerald, Ceresia and Mackey, JJ.

Sandra M. Colatosti, Albany, for appellant.
Michelle I. Rosien, Philmont, for respondent.

Mackey, J.
Appeal from an order of the Family Court of Schoharie County (George R. Bartlett III, J.), entered May 13, 2022, which, in a proceeding pursuant to Family Ct Act article 4, denied petitioner's objections to an order of a Support Magistrate.
Petitioner (hereinafter the father) and respondent (hereinafter the mother) are the divorced parents of three children (born in 1998, 2001 and 2004). According to a July 2019 order of support, the father was required to pay child support in the amount of $203.47 per week, in addition to a 60% pro rata share of any uninsured health care expenses to the mother.[FN1] In February 2021, the father commenced this proceeding for a modification of his child support obligations on the ground that he had turned 62 and retired. The Support Magistrate (Corona, S.M.) found that the father failed to show an involuntary reduction in his income and, therefore, did not demonstrate a sufficient change in circumstances so as to warrant a downward modification. The Support Magistrate issued an order dismissing the modification petition and Family Court subsequently denied the father's objections thereto, prompting this appeal. We affirm.
In seeking a downward modification, it was incumbent upon the father to show that, since the July 2019 order, there was a change in his gross income by at least 15%, that the reduction was involuntary, and that he had made diligent efforts to secure employment commensurate with his ability, experience and education (see Family Ct Act § 451 [3] [b] [ii]; see Matter of Ramon ZZ. v Amanda YY., 192 AD3d 1369, 1369-1370 [3d Dept 2021], lv denied 37 NY3d 911 [2021]; Matter of Christopher C. v Kimberly C., 177 AD3d 1129, 1129 [3d Dept 2019]).
Here, the record supports the Support Magistrate's determination that the father's reduction in income was voluntary. The father premised his downward modification petition on the ground that he had retired and was no longer operating his automotive repair business, thereby resulting in a loss of income. According to the father, he was "forced" to retire due to bad knees, for which he underwent double knee replacement surgery in September 2019. However, he failed to present any medical proof that he is disabled and unable to continue to operate his business. As the Support Magistrate aptly put it, "[i]f in fact [the father] did sustain a loss in income as a result of his retirement, such loss was self-imposed. He retired by choice at the age of 62 because he was eligible. While this decision might be a perfectly acceptable one for people who do not have young children to support, that is not the case for [the father]." The record also supports the Support Magistrate's determination that the father's testimony regarding his income and expenses lacked credibility and that he was not forthcoming in the requisite financial disclosure statement.
According deference to the credibility determinations of the Support Magistrate and Family Court, including that the father failed [*2]to present competent medical proof of his inability to work and presented an inaccurate picture of his finances (see Matter of Jeffers v Jeffers, 133 AD3d 1139, 1140 [3d Dept 2015]; Matter of Boyle v Boyle, 101 AD3d 1412, 1413 [3d Dept 2012]; Matter of Vickery v Vickery, 63 AD3d 1220, 1221 [3d Dept 2009]; Matter of Rosalind EE. v William EE., 4 AD3d 629, 630 [3d Dept 2004], lv denied 3 NY3d 606 [2004]), Family Court properly denied the father's objections (see Matter of Freedman v Horike, 68 AD3d 1205, 1206 [3d Dept 2009]; Matter of Latimer v Cartin, 57 AD3d 1264, 1265 [3d Dept 2008]).
Garry, P.J., Pritzker, Reynolds Fitzgerald and Ceresia, JJ., concur.
ORDERED that the order is affirmed, without costs.

Footnotes

Footnote 1: The July 2019 order scheduled a reduction in the father's basic child support obligation effective June 2, 2019, from $236.02 to $203.47 as the parties' oldest child turned 21. By a subsequent order dated May 11, 2023, Family Court also terminated the father's child support obligation as to the middle child as that child also turned 21. Inasmuch as the father remains obligated to pay child support for the parties' youngest child — and to the extent that arrears may be owed by the father regarding the middle child — this appeal is not moot (see Matter of O'Brien v Rutland, 180 AD3d 1183, 1183-84 [3d Dept 2020]).