■ In the Matter of WENDY HOUK, Respondent, v JOHN MEYER, Appellant. (And Another Related Proceeding.) [692 NYS2d 854] —Yesawich Jr., J. Appeal from an order of the Family Court of Albany County (Maney, J.), entered November 18, 1997, which granted petitioner's applications, in two proceedings pursuant to Family Court Act article 4, finding respondent in willful violation of two prior court orders, committing respondent to jail for a term of 180 days, and ordering respondent to pay petitioner's counsel fees.

By a stipulation incorporated, but not merged, into an order of Family Court entered in May 1995, respondent agreed to establish a custodial account in the amount of $10,000 for the

benefit of the parties' child, born in 1991. Respondent was to make this payment from the proceeds of the sale of his deceased mother's home or within two years of the entry of the stipulation, whichever event occurred first. The stipulation also provided that respondent would pay child support in the amount of $65 per week. By order dated August 31, 1996, respondent was to post an undertaking of $1,690 for child support arrears. In July 1997, petitioner filed two petitions alleging that respondent had neither deposited the $10,000 into a custodial account nor posted the undertaking. After a hearing, Family Court found respondent had willfully violated the two prior orders of support, ordered him committed to the Albany County Jail for 180 days, subject to purging, and directed him to pay petitioner's counsel fees. Respondent's sentence has been stayed pending the outcome of this appeal.

There is no merit to respondent's contention that Family Court erred in finding that the two support orders were willfully violated. Respondent's failure to pay support as ordered, namely by not funding the custodial account and neglecting to post the undertaking, standing alone, established petitioner's direct case of a willful violation and shifted the burden to respondent to put forth " 'competent, credible evidence of his * * * inability to make the required payments' " (*Matter of Ciampi v Sgueglia*, 252 AD2d 755, 757, quoting *Matter of Powers v Powers*, 86 NY2d 63, 70). His explanation for these omissions—that he thought the undertaking was being deducted from his weekly pay and that he believed that funding the custodial account was contingent on selling his mother's house—clearly does not satisfy his burden of showing an inability to pay.

While the period of respondent's commitment to jail is severe, it is not excessive given that he made no effort to comply with the orders. Nor do we find the award of counsel fees, made without a hearing, inappropriate, for the record, though indeed sparse, discloses respondent neither opposed the fees sought nor objected to the adequacy of petitioner's counsel fee affidavit.

Mikoll, J. P., Mercure, Crew III and Carpinello, JJ., concur. Ordered that the order is affirmed, without costs.