■ In the Matter of JOAN E. BUCEK, as Supervisor of the Broome County Support Collection Unit, on Behalf of EILEEN ELLSWORTH, Respondent, v ANDRE ROGERS, SR., Appellant. [754 NYS2d 448] —Mercure, J. Appeals (1) from an order of the Family Court of Broome County (Pines, J.), entered July 25, 2001, which, inter alia, granted petitioner's application, in a proceeding pursuant to Family Ct Act article 4, to hold respondent in willful violation of a prior order of support, and (2) from an order of said court, entered September 19, 2001, which remanded respondent to the custody of the Broome County Jail for a term of six months.

Petitioner commenced this proceeding in Family Court on behalf of Eileen Ellsworth, alleging a violation of a child support order and seeking a money judgment for arrears. A Hearing Examiner concluded that respondent willfully violated the

support order. Based upon respondent's prior history of violations, the Hearing Examiner referred the matter to Family Court for confirmation and consideration of punishment. Respondent's written objections to the Hearing Examiner's findings were dismissed by Family Court due to respondent's failure to file proof of service of a copy of the objections upon petitioner.

In an order of disposition, Family Court confirmed the Hearing Examiner's determination that respondent willfully failed to obey the support order. The court sentenced respondent to six months in jail and, in light of his absence, issued a warrant for respondent's arrest. On its own motion and in the presence of respondent, Family Court thereafter reviewed and confirmed its decision and remanded respondent to the Broome County Jail for a six-month term of incarceration. Respondent now appeals.

Respondent argues that his failure to pay support cannot be considered willful because he was under the mistaken belief that money deducted from his paychecks on income executions was sufficient and properly allocated to all of his support obligations, including two other separate child support obligations imposed by order in Chemung County. We disagree. In a hearing pursuant to Family Court Act § 454 (3), "[a] respondent is prima facie presumed * * * to have sufficient means to support his or her spouse and children under the age of [21] years" (Family Ct Act § 437; see Matter of Powers v Powers, 86 NY2d 63, 68-69). If a respondent fails to obey a lawful support order and the failure is determined to be "willful," the court may "commit the respondent to jail for a term not to exceed six months" (Family Ct Act § 454 [3] [a]). Proof of failure to pay court-ordered support constitutes "prima facie evidence of a willful violation" (id.), thus "establish[ing] petitioner's direct case of willful violation [and] shifting to respondent the burden of going forward" (Matter of Powers v Powers, supra at 69).

Here, petitioner established a "willful violation" when it submitted an undisputed, certified accounting statement that respondent failed to pay approximately $1,600 in child support. Respondent's unsupported claim that he thought the money was properly deducted from his paychecks did not constitute "competent, credible evidence of his inability to make the required payments" sufficient to satisfy his burden (see id. at 70; see also Matter of Walsh v Karamitis, 291 AD2d 749, 750; Matter of Houk v Meyer, 263 AD2d 688, 689). Accordingly, Family Court properly determined that respondent willfully violated the support order at issue. Moreover, given respon-

dent's history of violations, the imposition of a six-month jail term, as authorized by Family Ct Act § 454 (3) (a), was not unreasonable (*see Matter of Houk v Meyer, supra* at 689). Finally, Family Court did not err in dismissing respondent's objections for failure to file "[p]roof of service upon the opposing party" (Family Ct Act § 439 [e]; *see Matter of Happich v Happich,* 285 AD2d 509).

Cardona, P.J., Spain, Carpinello and Kane, JJ., concur. Ordered that the orders are affirmed, without costs.