■ In the Matter of RACHEL R. ARMSTRONG, Respondent, v HEATH A. BELROSE, Appellant. [779 NYS2d 662]—

Cardona, P.J. Appeals (1) from an order of the Family Court of Clinton County (Wood, S.M.), entered July 8, 2003, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 4, to hold respondent in willful violation of a prior order of support, (2) from an order of said court (Lawliss, J.), entered July 8, 2003, confirming the Support Magistrate's finding of a willful violation, and (3) from an order of said court, entered July 25, 2003, which committed respondent to the Clinton County Jail for a term of 15 days.

Pursuant to a March 19, 2003 order of Family Court, respondent was directed to pay, inter alia, child support in the amount of $155 per week through the Clinton County Child Support Enforcement Unit. Shortly thereafter, respondent ceased payment and a violation proceeding was commenced. At a subsequent hearing, the Support Magistrate heard testimony that, over an 11-week period, respondent made only one weekly payment. Respondent testified that, shortly after the issuance of the support order, he was fired from his employment at Wyeth Pharmaceuticals for "abusing time," however, he was currently grieving that termination. Respondent also testified that, following his termination, he did not inform the Child Support Enforcement Unit that he started a new job at a restaurant.

The Support Magistrate found respondent in willful violation of the support order and referred the petition to Family Court for confirmation. Family Court confirmed the Support Magistrate's order, scheduled a hearing on the issue of sanctions and, thereafter, issued an order imposing a sentence of 15 days of incarceration.[1] Respondent now appeals from the order of the Support Magistrate, Family Court's confirmation order and the order of commitment.[2]

At a support violation hearing, the petitioner has the initial burden of presenting prima facie evidence of nonpayment of child support (see Matter of Powers v Powers, 86 NY2d 63, 69 [1995]; Matter of Bucek v Rogers, 301 AD2d 973, 974 [2003];

---

**1.** The order of commitment has been stayed pending determination of this appeal.

**2.** We note that the appeal of the Support Magistrate's order must be dismissed. Aside from the fact that the order was superceded by Family Court's later order (see Matter of Miller v Smith, 7 AD3d 629 [2004]), it is clear that the Support Magistrate's determination that respondent was in violation of the support order was not final for purposes of appellate review inasmuch as it was subject to confirmation by Family Court, "who shall impose any punishment for such violation as provided by law" (Family Ct Act § 439 [a]).

*Matter of Hayes v Hayes*, 294 AD2d 681, 682 [2002]). Once that burden is met, the burden shifts to the respondent to offer " 'competent, credible evidence of [an] inability to make the required payments' " (*Matter of Bucek v Rogers, supra* at 974, quoting *Matter of Powers v Powers, supra* at 70).

Here, there is no dispute that petitioner met her initial burden. Respondent, however, did not establish a lack of willfulness in failing to make his payments. The fact that respondent contested his termination and hoped to be reinstated at Wyeth did not absolve him of his current obligation to pay support and perform his other obligations pursuant to the March 19, 2003 order. He presented no evidence that he was disabled or otherwise unable to find other employment after his termination. In fact, the record establishes that he did find employment that was not reported to the Child Support Enforcement Unit. Under all the circumstances, we find no error in Family Court's finding that respondent was in willful violation of the prior order of child support.

We also find no merit to respondent's argument that reversal is warranted because he reportedly received Family Court's final order confirming the willful violation before he had an opportunity to submit written objections to the Support Magistrate's order (*see* Family Ct Act § 439 [e]). Any procedural irregularities that may have occurred were rendered academic by the fact that, after respondent told Family Court of his concern, the court informed him that it would duly consider any objections submitted and issue a written decision based thereon. The record indicates that Family Court did review respondent's written objections to the Support Magistrate's findings and subsequently issued a decision denying the objections and reconfirming its prior affirmance of the Support Magistrate's order.

Lastly, we are unpersuaded that Family Court's imposition of a term of 15 days' incarceration was improper. Regardless of the mitigating circumstances described by respondent, it is clear that Family Court acted within its discretion inasmuch as it is given the authority to "commit the respondent to jail for a term not to exceed six months" (Family Ct Act § 454 [3] [a]) upon its finding that respondent willfully failed to obey a lawful support order (*see Matter of Bucek v Rogers, supra* at 974).

Peters, Spain, Carpinello and Kane, JJ., concur. Ordered that the appeal from the Support Magistrate's order entered July 8, 2003 is dismissed, without costs. Ordered that the orders of the Family Court of Clinton County (Lawliss, J.), entered July 8, 2003 and July 25, 2003 are affirmed, without costs.