■ In the Matter of CHRISTINA L. NAUMAN, Respondent, v CARL RICE, SR., Appellant. [835 NYS2d 759]—

Crew III, J. Appeals (1) from an order of the Family Court of Essex County (Lawliss, J.), entered July 7, 2006, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 4, to find respondent in willful violation of a prior order of support, and (2) from an order of said court, entered July 21, 2006, which committed respondent to the Essex County jail.

Petitioner and respondent are the parents of three children who reside with petitioner. Petitioner commenced this proceeding in March 2005 based upon respondent's alleged violation of an October 2004 support order. Respondent, in turn, filed a petition seeking a downward modification of that order. Following a hearing, a Support Magistrate dismissed the modification petition, found respondent in willful violation of the support order and directed judgment against him for arrears. It was further recommended that respondent be sentenced to 90 days in jail, such sentence to be suspended upon condition that respondent comply with the support order. Following the filing of respondent's objections to the finding that he was willfully in violation of the support order, Family Court confirmed that finding and, after a hearing, sentenced respondent to six months in jail, to be served every other weekend. Respondent now appeals and we affirm.

Initially, we note that petitioner's proof that respondent failed to pay support as ordered constituted prima facie evidence of his willful violation of the order (*see* Family Ct Act § 454 [3] [a]) and placed the burden upon him to provide credible evidence of his inability to make the required payments (*see Matter of Powers v Powers*, 86 NY2d 63, 69-70 [1995]). While respondent provided evidence that his change in employment resulted in his earning less than he previously had earned, the evidence justified the finding that he contributed to his underemployment by voluntarily leaving his job in Connecticut, relocating to Essex County and thereafter failing to make a good faith effort to secure comparable employment. As such, he was justifiably found to be able to meet his support obligations even though he was not actually earning enough to satisfy them (*see Matter of Freedman v Horike*, 26 AD3d 680, 681-682 [2006]). We have considered respondent's remaining contentions and find them equally without merit.

Cardona, P.J., Spain, Lahtinen and Kane, JJ., concur. Ordered that the orders are affirmed, without costs.