■ In the Matter of KARRIE L. MITCHELL, Respondent, v RONALD ROCKHILL, JR., Appellant. [846 NYS2d 439]—

Kane, J. Appeal from an order of the Family Court of Franklin County (Main, Jr., J.), entered January 19, 2007, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 4, to hold respondent in willful violation of a prior order of support and committed respondent to the Franklin County Jail for a term of 180 days.

Pursuant to a March 3, 2004 order of Family Court, respondent was directed to pay petitioner child support in the amount of $35 per week, as well as $15 per week on arrears due, through the Franklin County Department of Social Services. Respondent only made sporadic payments on the order and ceased payments entirely in March 2006, prompting the instant violation proceeding. At a hearing before a Support Magistrate, respondent testified that he was employed part time as a day-care provider for his sister, for which he was paid approximately $150 a week by Franklin County. Respondent admitted that he had failed to make the support payments, but he claimed that he could not afford to pay his other monthly bills and child support on his income.

The Support Magistrate found respondent in willful violation of the support order and awarded petitioner $3,190 in arrears. Family Court confirmed the Support Magistrate's order and imposed a sentence of 180 days of incarceration, prompting this appeal. We affirm.

Petitioner presented prima facie evidence of respondent's willful violation of the support order through proof that he failed to pay support since March 2006, which shifted the burden to respondent to present credible evidence of his inability to meet his support obligation (*see Matter of Nauman v Rice*, 40 AD3d 1159, 1160 [2007]; *Matter of Holbert v Rifanburg*, 39 AD3d 902, 903 [2007]). Respondent did not demonstrate an inability to pay child support. Respondent was employed part time during this time and chose not to apply any of his weekly earnings to child support, claiming that his income was insufficient to meet his obligations. Respondent, by only applying for one job in the previous seven months, failed to make a good-faith effort to find full-time employment or other employment to supplement his income. Therefore, a finding that he was able to meet his support obligations, despite an insufficient income, was justified (*see Matter of Nauman v Rice*, 40 AD3d at 1160). Finally, as Family Court may, in its discretion, commit a person found to have willfully violated a support order to a jail term not to exceed six months (*see* Family Ct Act § 454 [3] [a]), we find that the imposition of 180 days of incarceration was not improper (*see Matter of Armstrong v Belrose*, 9 AD3d 625, 626-627 [2004]).

Cardona, P.J., Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the order is affirmed, without costs.