Rose, J.
Appeal from an order of the Family Court of Montgomery County (Córtese, J), entered November 14, 2007, which, among other things, granted petitioner’s application, in a proceeding pursuant to Family Ct Act article 4, to hold respondent in willful violation of a prior order of support.
Fetitioner commenced this violation proceeding after respondent failed to make his ordered child support payments. Following a hearing, the Support Magistrate found respondent to be in willful violation and recommended that he be committed to jail for 30 days unless he complied with the support order. Family Court confirmed the finding of a willful violation and conditionally ordered his commitment to jail for 30 days. Respondent appeals, arguing that his decision to leave his former employment in order to continue his college education in another city in pursuit of a criminal justice degree, which he anticipated would allow him to earn “[a]nywhere from thirty thousand to sixty *989 thousand [dollars annually]” upon graduation, negated the element of willfulness.
Inasmuch as respondent does not dispute that he failed to pay as required by the support order, which constitutes prima facie evidence of a willful violation (see Family Ct Act § 454 [3] [a]), we need consider only whether he met his burden to present “competent, credible evidence of his inability to make the required payments” (Matter of Powers v Powers, 86 NY2d 63, 70 [1995]). While a voluntary reduction in earnings to pursue further education or training with the realistic prospect that future income will be larger and provide a greater benefit to the child may be a factor to consider in determining an award of child support (see e.g. Matter of Robesena W. v George B.D., 145 AD2d 426, 426-427 [1988]), respondent did not request a downward modification. Had he made such an application and the requisite showing of a change in circumstances, it would have been for Family Court to determine whether his plan would be in the child’s interest in the long run (see Matter of Ciostek v Ciostek, 186 AD2d 1087, 1088 [1992]; see also Moore v Moore, 115 AD2d 894, 895-896 [1985]).
Here, on the other hand, there was evidence that respondent had failed to pay child support as ordered before he left his former employment, and his testimony about the future benefit of obtaining a college degree was purely speculative. In addition, we note that respondent testified that he is able to work full time while attending college, yet he did not explain why he could not earn an income comparable to his former employment while doing so. Because respondent failed to demonstrate that he had made reasonable efforts to meet his child support obligation, he failed to satisfy his burden on the issue of inability to pay (see Matter of Nauman v Rice, 40 AD3d 1159, 1160 [2007]; Matter of Bouchard v Bouchard, 263 AD2d 775, 777 [1999]. Thus, Family Court’s finding that respondent willfully failed to obey a lawful support order is supported by the record (see Matter of Nickerson v Bellinger, 258 AD2d 688, 689 [1999]; Matter of Sutphin v Dorey, 233 AD2d 698, 699 [1996]), and it was not an abuse of its discretion to sentence him to a term of 30 days in jail and conditionally suspend that sentence upon his compliance with the support order (see Family Ct Act § 454 [3] [a]; Matter of Mitchell v Rockhill, 45 AD3d 1140, 1141 [2007]; Matter of Armstrong v Belrose, 9 AD3d 625, 627 [2004]).
Mercure, J.E, Spain, Kane and Stein, JJ., concur. Ordered that the order is affirmed, without costs.