■ In the Matter of ANDREW L. and Others, Children Alleged to be Neglected. CLINTON COUNTY DEPARTMENT OF SOCIAL SER-

---

vices, Respondent; Cassi M., Appellant, et al., Respondent. (And Three Other Related Proceedings.) [883 NYS2d 607]—

Lahtinen, J. Appeals (1) from an order of the Family Court of Clinton County (Lawliss, J.), entered March 24, 2008, which, in a proceeding pursuant to Family Ct Act article 10, granted petitioner's motion to hold respondent Cassi M. in violation of prior court orders, and (2) from four orders of said court, entered May 5, 2008 and May 6, 2008 which, among other things, granted petitioner's applications, in three proceedings pursuant to Family Ct Act article 10-A, to modify the subject children's permanency plans to free them for adoption.

Respondent Cassi M. (hereinafter the mother) is the mother of a son (born in early 1998) and two daughters (one born in late 1998 and the other born in early 2000). After the children's parents separated in 2000, numerous court proceedings ensued, including, as relevant here, a consent order awarding the mother custody in August 2002 and, in April 2003, a consent order permitting her to move to Connecticut with the children. In 2005, custody was switched to the father and, in early 2006, petitioner filed a neglect petition against the mother setting forth numerous instances of neglect between 2002 and 2004. Following a fact-finding hearing in March 2006, Family Court found that all three children had been neglected by the mother. They were continued in the father's custody under the supervision of petitioner with the mother being permitted to have monthly supervised visits. In May 2006, the mother sought and was granted modification to decrease visitation to once every four months since she was moving to Florida with her new husband.

In April 2007, a neglect petition was filed against the father and the children were removed and placed in foster care. The father was found to have neglected the children, resulting in the children being placed with petitioner and thereafter they continued in foster care. In October 2007, the father signed judicial surrenders with respect to all three children. In November 2007, Family Court issued a protective order and permanency hearing orders as to the children which directed, among other things, that the mother attend weekly parenting classes in Clinton County. Petitioner filed a violation petition in December 2007 alleging that the mother had failed to comply with the terms of the November 2007 orders and, following a

hearing, Family Court issued an order in March 2008 finding a willful violation and imposing 15 days in jail as a sanction. A further permanency hearing was held in April 2008, resulting in Family Court issuing orders in May 2008 which modified the children's permanency plans to include placement for adoption. The mother appeals from the March 2008 violation order and the May 2008 permanency hearing orders.

We find merit in the mother's argument that the determination of a willful violation was improper. Such a finding, which permits a sanction of up to six months in jail, "requires that competent evidence be presented that establishes the willfulness of the violation by clear and convincing evidence" (*Matter of Brittany T.*, 48 AD3d 995, 997 [2008]; *see Matter of Shelby B.*, 55 AD3d 986, 987 [2008]). Willfulness is not established where a respondent shows that the aspect of the order allegedly violated implicated a monetary expenditure beyond his or her financial resources (*cf. Matter of George M.*, 48 AD3d 926, 928-929 [2008] [finding limited financial resources not an excuse where violated condition had no monetary implications]; *Matter of Mitchell v Rockhill*, 45 AD3d 1140, 1141 [2007] [inability to pay is a defense to an allegation of willful failure to pay a support order]). The fact that a respondent has served the sanction imposed by Family Court for a willful violation does not render the appeal academic (*see Matter of Er-Mei Y.*, 29 AD3d 1013, 1013-1014 [2006]).

Here, Family Court found the mother in willful violation for failing to travel once every week for a parenting class from Port St. Lucie, Florida to the City of Plattsburgh, Clinton County. Evidence from the violation hearing established that the mother has two young children (both of whom have medical issues) from her current marriage who resided with her in Florida during the relevant time. She also had a job there, and she and her husband had modest incomes. Petitioner would not fund the weekly travel for the mother between Florida and Plattsburgh. Indeed, it was stipulated at the hearing that she could not afford the cost of travel for the weekly class. She did make the trip once per month during the germane two-month time and attended the parenting class on each occasion. The option of providing the class via telephone or electronic communication or taking a similar class in Florida was not made available. And, in fact, she subsequently took and completed a parenting class in Florida which one of petitioner's caseworkers characterized as similar to the one offered in Clinton County. In light of the significant financial burden imposed by the order with regard to travel, which it is undisputed the mother did not have the monetary means to meet, it was error to find a willful violation.

The mother also appeals from the May 2008 permanency hearing orders. Since the entry of those orders, the mother, who has now relocated to St. Albans, Vermont, surrendered her parental rights as to her son. With respect to the two daughters, there have been subsequent permanency hearing orders and, in October 2008, the mother consented to findings of permanent neglect as to both girls with a concomitant suspended judgment until October 2009. Moreover, the most recent permanency plan orders, entered in December 2008, call for return of both of the girls to the mother. In light of such circumstances, the issues asserted on appeal regarding the May 2008 permanency hearing orders are now moot (*see e.g. Matter of Haylee RR.*, 56 AD3d 968, 968 [2008]; *Matter of Kim OO. v Broome County Dept. of Social Servs.*, 44 AD3d 1164, 1165 [2007]; *Matter of Lisa Z.*, 276 AD2d 853, 853 [2000]).

Peters, J.P., Rose, Stein and McCarthy, JJ., concur. Ordered that the appeal from the order entered March 24, 2008 is reversed, on the law, without costs, and petition dismissed. Ordered that the appeals from the orders entered May 5, 2008 and May 6, 2008 are dismissed, as moot, without costs.