In the Matter of MELISSA L. RIGGS, Respondent, v WILLIAM VANDUSEN, Appellant. [910 NYS2d 633]—

Appeal from an order of the Family Court, Oneida County (Joan E. Shkane, J.), entered August 24, 2009 in a proceeding pursuant to Family Court Act article 4. The order adjudged that defendant must make a cash undertaking in the amount of $5,000 in order to purge himself of a remand commitment of the court.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: In this proceeding pursuant to Family Court Act article 4, respondent appeals from an order in which Family Court directed him to make a cash undertaking for child support arrears in the amount of $5,000 in order to purge himself of a six-month jail sentence. We affirm.

Pursuant to Family Court Act § 454 (3) (a), "[u]pon a finding by the court that a respondent has willfully failed to obey any lawful order of support, the court . . . may in addition to or in lieu of any or all of the powers conferred in subdivision two of this section or any other section of law . . . commit the respondent to jail for a term not to exceed six months" (*see generally Matter of Powers v Powers*, 86 NY2d 63 [1995]).

To the extent that respondent contends that the court erred in finding that he willfully violated the child support order, we note that petitioner made out a prima facie case by asserting respondent's failure to pay, which respondent did not dispute (*see id.* at 69). The burden then shifted to respondent to establish his inability to make the required payments, and respondent failed to "offer [any] competent, credible evidence of his inability" to do so (*id.* at 69-70). The contention of respondent that he believed that a sum of money was being wrongfully withheld by the State of Texas is unavailing. The record contains no evidence of his efforts to obtain that money (*see generally Matter of Bucek v Rogers*, 301 AD2d 973, 974 [2003]) and, in any event, the record establishes that he had the financial ability to make the child support payments after the issuance of the order of support (*see Matter of Leslie v Rodriguez*, 303 AD2d 1016, 1017 [2003]; *Matter of Modica v Thompson*, 258 AD2d 653 [1999]). We note in addition that respondent

presented no evidence that he was unable to find employment (*see Leslie*, 303 AD2d at 1017).

We reject the contention of respondent that the court erred in declining to accept his offer to turn over to petitioner his entire paycheck from a job that he had not yet begun. Inasmuch as a willful violation of the support order had been established, the court had the discretion pursuant to Family Court Act § 454 to reject respondent's offer and to impose a jail sentence, without considering "alternative enforcement measures" (*Powers*, 86 NY2d at 71). Finally, the court did not abuse its discretion in imposing the maximum term of six months, particularly in view of the fact that respondent "made no effort to comply" with the order of support (*Matter of Houk v Meyer*, 263 AD2d 688, 689 [1999]). Present—Smith, J.P., Peradotto, Carni, Sconiers and Gorski, JJ.