■ In the Matter of Nigel XX. and Others, Neglected Children. Broome County Department of Social Services, Respondent; Tabitha YY., Appellant, et al., Respondent. (Proceeding No. 1.) In the Matter of Javiel YY., a Neglected Child. Broome County Department of Social Services, Respondent; Tabitha YY., Appellant, et al., Respondents. (Proceeding No. 2.) [965 NYS2d 736]—Lahtinen, J.P. Appeal from an order of the Family Court of Broome County (Connerton, J.), entered April 16, 2012, which, among other things, granted petitioner's applications, in two proceedings pursuant to Family Ct Act article 10-A, to continue placement of the subject children.

Respondent Tabitha YY. (hereinafter the mother) is the mother of the five children who are the subject of these proceed-

ings (born in 2000, 2003, 2006, 2007 and 2009). Respondent Erik XX. (hereinafter the father) is the father of all but the oldest child. In December 2009, the children were removed from the care of the mother and the father (hereinafter collectively referred to as respondents) and later determined to be neglected. Over the next two years, respondents repeatedly failed to complete services offered by petitioner to address their domestic violence issues and they continued to reside together in violation of multiple orders of protection. Following commencement of these proceedings in February 2012, the parties appeared before Family Court for a permanency hearing at which it was established that, while the mother had participated in some services, she continued to reside with the father who had not. Family Court thereafter modified the permanency goal from "reunification with a parent" to "placement for adoption." The mother now appeals.

In November 2012, Family Court issued an order returning the children to the mother's care under certain terms and conditions. Furthermore, we have been advised that the conditions have been satisfied and that the children were discharged from foster care to the mother. In view of the subsequent superceding order, the issues raised on appeal are now moot and we are not convinced that the exception to the mootness doctrine is applicable (see Matter of Nasira D. [Madelyn D.], 97 AD3d 1002, 1002-1003 [2012]; Matter of Andrew L., 64 AD3d 915, 918 [2009]; Matter of Ariel FF., 63 AD3d 1202, 1203 [2009]).

Stein, McCarthy and Egan Jr., JJ., concur. Ordered that the appeal is dismissed, as moot, without costs.