■ In the Matter of COLUMBIA COUNTY SUPPORT COLLECTION UNIT, on Behalf of BROOKE L. PHILLIPS, Respondent, v JOSHUA A. RISLEY, Appellant. (And Two Other Related Proceedings.) [997 NYS2d 170]—

Rose, J. Appeals from four orders of the Family Court of Ulster County (Mizel, J.), entered May 8, 2013, which granted petitioner's applications, in three proceedings pursuant to Fam-

ily Ct Act article 4, to hold respondent in willful violation of a prior order of support.

Petitioner commenced the last of these three proceedings alleging that respondent (hereinafter the father) was in violation of a support order directing him to make certain child support payments. The father had been the subject of two previous violation petitions and, each time, he defaulted in his appearance at the inquest held by the Support Magistrate. In each of the proceedings, a warrant for the father's arrest was executed, he then appeared before Family Court at the confirmation hearing with assigned counsel and, failing to contest his lack of payment, he was found in willful violation of the support order and ordered to be incarcerated for six months, with each term suspended. In response to the petition in the last of these proceedings, the father again failed to appear. When he was eventually produced, he was again represented by the same assigned counsel and again determined to have willfully violated the orders of support. Family Court then ordered the father incarcerated for six months, revoked the two previously suspended orders of commitment and ordered that the terms of imprisonment run consecutively. The father appeals.

The argument that the father was denied due process because the Support Magistrate did not provide counsel at the initial inquest in these proceedings lacks merit. The father failed to appear at the initial inquest, despite the fact that he was properly served with the violation petition and provided notice of the hearing. Furthermore, the record reveals that each time the father did appear in Family Court, he was represented by assigned counsel. Under these circumstances, there is no basis for a finding that the father's due process rights were violated (*see* Family Ct Act § 262 [a] [vi]; *Matter of Ball v Marshall*, 103 AD3d 1270, 1271-1272 [2013]).

Nor is there any merit to the father's contention that consecutive sentences were unauthorized (*see* Family Ct Act § 454 [3]; *cf. Matter of Walker v Walker*, 86 NY2d 624, 627 [1995]). Given the father's failure to contest the amounts due and his willful refusal to voluntarily pay them despite repeated opportunities afforded to him over more than three years, we find no abuse of discretion in the determination to run the sentences consecutively (*see Matter of Bonneau v Bonneau*, 97 AD3d 917, 917-918 [2012], *lv denied* 19 NY3d 815 [2012]; *Matter of Bucek v Rogers*, 301 AD2d 973, 974-975 [2003]; *Matter of Houk v Meyer*, 263 AD2d 688, 689 [1999]).

Stein, J.P., Garry, Lynch and Devine, JJ., concur. Ordered that the orders are affirmed, without costs.