*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  November 20, 2014                516952
_____

In the Matter of COLUMBIA
    COUNTY SUPPORT COLLECTION
    UNIT, on Behalf of BROOKE
    L. PHILLIPS,
                    Respondent,

        v                                   MEMORANDUM AND ORDER

JOSHUA A. RISLEY,
                    Appellant.

(And Two Other Related Proceedings.)
_____

Calendar Date:  October 9, 2014

Before:  Stein, J.P., Garry, Rose, Lynch and Devine, JJ.

_____

        Ted J. Stein, Woodstock, for appellant.

        Valerie Stote, Ulster County Department of Social Services,
Kingston, for respondent.

_____

Rose, J.

        Appeals from four orders of the Family Court of Ulster
County (Mizel, J.), entered May 8, 2013, which granted
petitioner's applications, in three proceedings pursuant to
Family Ct Act article 4, to hold respondent in willful violation
of a prior order of support.

        Petitioner commenced the last of these three proceedings
alleging that respondent (hereinafter the father) was in
violation of a support order directing him to make certain child
support payments.  The father had been the subject of two

previous violation petitions and, each time, he defaulted in his appearance at the inquest held by the Support Magistrate. In each of the proceedings, a warrant for the father's arrest was executed, he then appeared before Family Court at the confirmation hearing with assigned counsel and, failing to contest his lack of payment, he was found in willful violation of the support order and ordered to be incarcerated for six months, with each term suspended. In response to the petition in the last of these proceedings, the father again failed to appear. When he was eventually produced, he was again represented by the same assigned counsel and again determined to have willfully violated the orders of support. Family Court then ordered the father incarcerated for six months, revoked the two previously suspended orders of commitment and ordered that the terms of imprisonment run consecutively. The father appeals.

The argument that the father was denied due process because the Support Magistrate did not provide counsel at the initial inquest in these proceedings lacks merit. The father failed to appear at the initial inquest, despite the fact that he was properly served with the violation petition and provided notice of the hearing. Furthermore, the record reveals that each time the father did appear in Family Court, he was represented by assigned counsel. Under these circumstances, there is no basis for a finding that the father's due process rights were violated (see Family Ct Act § 262 [a] [vi]; Matter of Ball v Marshall, 103 AD3d 1270, 1271-1272 [2013]).

Nor is there any merit to the father's contention that consecutive sentences were unauthorized (see Family Ct Act § 454 [3]; cf. Matter of Walker v Walker, 86 NY2d 624, 627 [1995]). Given the father's failure to contest the amounts due and his willful refusal to voluntarily pay them despite repeated opportunities afforded to him over more than three years, we find no abuse of discretion in the determination to run the sentences consecutively (see Matter of Bonneau v Bonneau, 97 AD3d 917, 917-918 [2012], lv denied 19 NY3d 815 [2012]; Matter of Bucek v Rogers, 301 AD2d 973, 974-975 [2003]; Matter of Houk v Meyer, 263 AD2d 688, 689 [1999]).

Stein, J.P., Garry, Lynch and Devine, JJ., concur.


ORDERED that the orders are affirmed, without costs.




ENTER:

Robert D. Mayberger
Clerk of the Court