*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered: June 11, 2015 516551
_____

In the Matter of KYLEE Y. and
    Others, Alleged to be
    Neglected Children.

CLINTON COUNTY DEPARTMENT OF
    SOCIAL SERVICES,
                    Respondent;

LYNN AA.,
                    Respondent.

TIMOTHY Z.,
                    Appellant.

(Proceeding No. 1.)
_____        MEMORANDUM AND ORDER

In the Matter of KYLEE Y. and
    Others, Alleged to be
    Neglected Children.

CLINTON COUNTY DEPARTMENT OF
    SOCIAL SERVICES,
                    Respondent;

DONALD Y.,
                    Respondent.

TIMOTHY Z.,
                    Appellant.

(Proceeding No. 2.)
_____


Calendar Date: April 29, 2015

Before: Peters, P.J., Garry, Rose and Devine, JJ.

_____

Allan B. Cruikshank, Plattsburgh, for appellant.

Allison W. Mussen, Clinton County Department of Social Services, Plattsburgh, for Clinton County Department of Social Services, respondent.

Omshanti Parnes, Plattsburgh, attorney for the children.

_____

Rose, J.

Appeals from two orders of the Family Court of Clinton County (Lawliss, J.), entered March 11, 2013, which granted petitioner's applications, in two proceedings pursuant to Family Ct Act article 10, to adjudicate respondents' children to be neglected, and modified an award of supervised visitation to Timothy Z.

Timothy Z. (hereinafter the father) is the father of twins, Brandy Y. and Cedar Y. (born in 2008). Respondent Lynn AA. is the mother of the twins and she also has two other children, who are not the subject of this appeal, with respondent Donald Y. Petitioner commenced these proceedings against Lynn AA. and Donald Y. alleging that they had neglected all four of the children, and the father appeared as a nonrespondent parent (see Family Ct Act § 1035 [d]). Family Court determined that the children were neglected and entered dispositional orders which, as relevant here, provided the father with visitation supervised by petitioner.

The father appeals, arguing that Family Court did not have a sound and substantial basis to name petitioner as the supervisor of visitation. Since the March 2013 entry of the dispositional orders on appeal, however, Family Court (Ryan, J.) issued permanency orders terminating the father's right to

visitation with his children.[1]  Those orders were entered in November 2014, and it is our understanding that they have not been appealed.  Accordingly, these subsequent orders render the appeals moot, inasmuch as the rights of the father will not be "'directly affected by the determination of the appeal[s]'" (Matter of Veronica P. v Radcliff A., 24 NY3d 668, 671 [2015], quoting Matter of Hearst Corp. v Clyne, 50 NY2d 707, 714 [1980]; see Matter of Lauren L. [Cassi M.], 79 AD3d 1172, 1172 [2010]; Matter of Ariel FF., 63 AD3d 1202, 1203 [2009]).

Peters, P.J., Garry and Devine, JJ., concur.


ORDERED that the appeals are dismissed, as moot, without costs.


ENTER:

Robert D. Mayberger
Clerk of the Court

---

[1]  We take judicial notice of those orders (see Matter of Hannah U. [Patti U.], 110 AD3d 1258, 1260 n 5 [2013]).