*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  January 21, 2016                    518397
_____

In the Matter of AUDRA Z.,
                    Appellant,

          v                              MEMORANDUM AND ORDER

LINA Y.,
                    Respondent,
                    et al.,
                    Respondent.
_____

Calendar Date:  November 18, 2015

Before:  Peters, P.J., Garry, Egan Jr., Rose and Devine, JJ.

                    _____

          Michelle I. Rosien, Philmont, for appellant.

          Carman Garufi, Binghamton, attorney for the child.

                    _____

Egan Jr., J.

          Appeal from an order of the Family Court of Broome County
(Charnetsky, J.), entered January 23, 2014, which partially
granted petitioner's application, in a proceeding pursuant to
Family Ct Act article 6, for modification of a prior order of
custody and visitation.

          The underlying facts are more fully set forth in this
Court's prior decisions (Matter of Lina Y. v Audra Z., 132 AD3d
1086 [2015]; Matter of Lina Y. v Audra Z., 122 AD3d 1084 [2014]).
Insofar as is relevant here, petitioner (hereinafter the mother)
is the mother of a child (born in 1998), and respondent Lina Y.

is the child's maternal aunt.[1]  By order entered May 16, 2013, Family Court awarded the aunt sole custody of the child, with such visitation to the mother as could be agreed upon by the parties.  The mother subsequently commenced this proceeding seeking to modify that order, contending that the aunt was thwarting her visitation attempts and seeking, among other things, the return of her child.  Shortly thereafter, the mother also appealed Family Court's May 2013 order to this Court.  A hearing on the mother's modification petition then ensued and, by order entered January 23, 2014, Family Court, among other things, continued the child's placement with the aunt and established a limited visitation schedule for the mother.  The mother then brought this appeal from Family Court's January 2014 order. While that appeal was pending, this Court considered the mother's appeal from Family Court's May 2013 order and, in October 2015, concluded that the aunt failed to establish the extraordinary circumstances necessary to deprive the mother of custody. Accordingly, this Court reversed the May 2013 order and dismissed the aunt's petition (Matter of Lina Y. v Audra Z., 132 AD3d 1086 [2015], supra).

"[I]n general an appeal will be considered moot unless the rights of the parties will be directly affected by the determination of the appeal and the interest of the parties is an immediate consequence of the judgment.  The ability of an appellate decision to directly and immediately impact the parties' rights and interests is among the most important aspects of the mootness analysis, for otherwise the analysis might turn on inchoate or speculative matters, making mootness an unwieldy doctrine of a thousand what ifs" (Matter of Veronica P. v Radcliff A., 24 NY3d 668, 671 [2015] [internal quotation marks and citations omitted]).  Here, the mother ascribes error to Family Court's failure to modify an order of custody and visitation that, as noted previously, this Court recently reversed.  It necessarily follows that any determination by this Court in the context of the instant appeal will not directly

---

[1]  The child's father, respondent Massimo X., took no part in the proceeding before Family Court and does not appear on this appeal.

impact the parties' respective rights and, therefore, this appeal is dismissed as moot (see e.g. Matter of Kylee Y. [Timothy Z.], 129 AD3d 1221, 1222 [2015]; Matter of Andrew L., 64 AD3d 915, 918 [2009]).

Peters, P.J., Garry, Rose and Devine, JJ., concur.


ORDERED that the appeal is dismissed, as moot, without costs.


ENTER:

Robert D. Mayberger
Clerk of the Court