Matter of Nematy v Pirzada (2018 NY Slip Op 07008)





Matter of Nematy v Pirzada


2018 NY Slip Op 07008


Decided on October 18, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 18, 2018

525016

[*1]In the Matter of FAZIA NEMATY, Respondent,
v
KHURRAM PIRZADA, Appellant.

Calendar Date: September 6, 2018

Before: Garry, P.J., Egan Jr., Mulvey, Aarons and Pritzker, JJ.


Timothy S. Brennan, Schenectady, for appellant.
Todd G. Monahan, Schenectady, for respondent.



MEMORANDUM AND ORDER
Garry, P.J.
Appeal from an order of the Family Court of Schenectady County (Bowles, S.M.), entered April 13, 2017, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 4, to hold respondent in willful violation of a prior order of support.
Petitioner (hereinafter the mother) and respondent (hereinafter the father) are the parents of two children (both born in 2002). In 2011, the father was ordered to pay $200 biweekly to the child support collection unit. In July 2016, the mother filed a petition alleging that he had willfully violated the support order. At the subsequent fact-finding hearing, the father testified that he was unable to pay the amount ordered due to financial problems and health issues. Following the hearing, the Support Magistrate found that the mother had established a prima facie case of willful violation and that the father had failed to rebut the proof of willfulness. The Support Magistrate ordered a money judgment to be entered in the amount of the father's arrears and recommended a suspended sentence of 30 days. The father appeals from the Support Magistrate's order.
Following the entry of the Support Magistrate's order, Family Court issued orders that confirmed the determination of willfulness, directed the entry of a money judgment against the father, and imposed a suspended sentence committing him to jail for 30 days. The record does not reveal that the father took any appeal from these orders, nor that he filed objections to the Support Magistrate's order. The order of a Support Magistrate is not final and "shall have no force and effect until confirmed by a judge of the court" (Family Ct Act § 439 [a]; see Matter of Clark v Clark, 85 AD3d 1350, 1350 [2011], lvs dismissed 17 NY3d 846 [2011], 18 NY3d 918 [2012]; Matter of Armstrong v Belrose, 9 AD3d 625, 626 n 2 [2004]). Where, as here, no timely objections were filed, no appeal lies from such an order (see Family Ct Act § 439 [e]; Moore v Moore, 141 AD3d 756, 756-757 [2016]; Matter of Dambrowski v Dambrowski, 8 AD3d 913, 914 [2004]). "To challenge the determination that he wil[l]fully violated a support order, the father's sole remedy was to await the issuance of a final order or an order of commitment of a Family Court [j]udge confirming the Support Magistrate's determination, and to appeal from that [*2]final order or order of commitment" (Matter of Addimando v Huerta, 147 AD3d 750, 751 [2017] [citations omitted]). As the father did not do so, the appeal must be dismissed (see Matter of Jordan v Horstmeyer, 152 AD3d 1097, 1097-1098 [2017]; Matter of Feliz v Rojas, 21 AD3d 373, 374 [2005]; Matter of Armstrong v Belrose, 9 AD3d at 626 n 2).
Egan Jr., Mulvey, Aarons and Pritzker, JJ., concur.
ORDERED that the appeal is dismissed, without costs.