Matter of Monroe County Child Support Enforcement Unit v Hemminger (2020 NY Slip Op 04692)





Matter of Monroe County Child Support Enforcement Unit v Hemminger


2020 NY Slip Op 04692


Decided on August 20, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 20, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CARNI, J.P., LINDLEY, CURRAN, TROUTMAN, AND BANNISTER, JJ.


482 CAF 18-01579

[*1]IN THE MATTER OF MONROE COUNTY CHILD SUPPORT ENFORCEMENT UNIT, ON BEHALF OF LISA E. SPROUL, PETITIONER-RESPONDENT,
v
ROBERT M. HEMMINGER, RESPONDENT-APPELLANT. 






TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (JANET C. SOMES OF COUNSEL), FOR RESPONDENT-APPELLANT.
JOHN P. BRINGWATT, COUNTY ATTORNEY, ROCHESTER (ELIZABETH D. TAFFE OF COUNSEL), FOR PETITIONER-RESPONDENT. 


 Appeal from an order of the Family Court, Monroe County (Dandrea L. Ruhlmann, J.), entered July 30, 2018 in a proceeding pursuant to Family Court Act article 4. The order denied the objections of respondent to the order of the Support Magistrate. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Respondent father appeals from an order denying his objections to the Support Magistrate's determination that he willfully violated a prior order of child support. We affirm. A parent is presumed to have sufficient means to support his or her minor child (see Family Ct Act § 437; Matter of Powers v Powers, 86 NY2d 63, 68-69 [1995]). "Thus, proof that respondent has failed to pay support as ordered alone establishes petitioner's direct case of willful violation, shifting to respondent the burden of going forward" (Powers, 86 NY2d at 69; see Matter of Huard v Lugo, 81 AD3d 1265, 1267 [4th Dept 2011], lv denied 16 NY3d 710 [2011]). To meet that burden, the respondent must offer "some competent, credible evidence of his inability to make the required payments" (Powers, 86 NY2d at 70). Moreover, if the respondent contends that he or she was unable to meet the support obligation because a physical disability interfered with his or her ability to maintain employment, the respondent must "offer competent medical evidence to substantiate" that claim and "establish that the alleged physical disability affected [his or] her ability to work" (Matter of Hwang v Tam, 158 AD3d 1216, 1217 [4th Dept 2018] [internal quotation marks omitted]; see Matter of Fogg v Stoll, 26 AD3d 810, 810-811 [4th Dept 2006]).
Here, petitioner made out a prima facie case by establishing that the father had not made certain payments required by the prior order, a claim the father did not dispute (see Matter of Riggs v VanDusen, 78 AD3d 1577, 1577 [4th Dept 2010]). The father failed to meet his burden of demonstrating his inability to make the required payments inasmuch as he failed to present evidence establishing that he made reasonable efforts to obtain gainful employment (see Matter of Movsovich v Wood, 178 AD3d 1441, 1442 [4th Dept 2019], lv denied 35 NY3d 905 [2020]). Further, although the father asserted that he was physically unable to perform certain work he had performed in the past and that he had been unable to obtain employment that was suitable in light of his alleged physical limitations, he failed to offer any medical evidence to substantiate his claim that his disability prevented him from making the required payments (see Movsovich, 178 AD3d at 1442; see generally Matter of Mandile v Deshotel, 166 AD3d 1511, 1512 [4th Dept 2018]). Indeed, the record reflects that the father's claim for Social Security benefits was denied (cf. Hwang, 158 AD3d at 1217-1218).
Entered: August 20, 2020
Mark W. Bennett
Clerk of the Court