Matter of Foley v Dwyer (2021 NY Slip Op 01891)





Matter of Foley v Dwyer


2021 NY Slip Op 01891


Decided on March 26, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 26, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., CARNI, NEMOYER, TROUTMAN, AND WINSLOW, JJ.


125 CAF 19-01514

[*1]IN THE MATTER OF ELIZABETH FOLEY, PETITIONER-RESPONDENT,
v
JAMES L. DWYER, RESPONDENT-APPELLANT. 






FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (DANIELLE K. BLACKABY OF COUNSEL), FOR RESPONDENT-APPELLANT.


 Appeal from an order of the Family Court, Onondaga County (Michele Pirro Bailey, J.), entered May 28, 2019 in a proceeding pursuant to Family Court Act article 4. The order denied respondent's objections to an order of the Support Magistrate. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Respondent appeals from an order denying his objections to the order of the Support Magistrate, which, inter alia, determined that he willfully violated a prior order of child support. We affirm. A parent is presumed to have sufficient means to support his or her minor child (see Family Ct Act § 437; Matter of Monroe County Child Support Enforcement Unit v Hemminger, 186 AD3d 1093, 1093 [4th Dept 2020]; Matter of Wayne County Dept. of Social Servs. v Loren, 159 AD3d 1504, 1504-1505 [4th Dept 2018]). Thus, evidence that a respondent has failed to pay child support as ordered constitutes "prima facie evidence of a willful violation" (Matter of Movsovich v Wood, 178 AD3d 1441, 1441 [4th Dept 2019], lv denied 35 NY3d 905 [2020] [internal quotation marks omitted]; see § 454 [3] [a]).
Here, petitioner made out a prima facie case of a willful violation by establishing that respondent had not made certain support payments required by the prior order, a claim that respondent did not dispute (see Matter of Riggs v VanDusen, 78 AD3d 1577, 1577 [4th Dept 2010]). The burden thus shifted to respondent to offer "some competent, credible evidence of his inability to make the required payments" (Matter of Powers v Powers, 86 NY2d 63, 70 [1995]; see Matter of Huard v Lugo, 81 AD3d 1265, 1267 [4th Dept 2011], lv denied 16 NY3d 710 [2011]). Respondent failed to meet that burden. Although respondent testified that he had no source of income and no assets, he was able to provide for his own food and shelter (see Matter of Fallon v Fallon, 286 AD2d 389, 389 [2d Dept 2001]) even though he had not applied for public assistance since losing his job in 2017. Respondent admitted that he was not physically or mentally incapable of working, and he failed to present evidence establishing that he made reasonable efforts to obtain gainful employment to meet his support obligation (see Movsovich, 178 AD3d at 1442; Matter of Christine L.M. v Wlodek K., 45 AD3d 1452, 1452-1453 [4th Dept 2007]). According deference to the Support Magistrate's credibility assessments (see Matter of Mandile v Deshotel, 166 AD3d 1511, 1512 [4th Dept 2018]), we find no reason to disturb her determination that respondent failed to demonstrate his inability to comply with the child support order (see Matter of Roshia v Thiel, 110 AD3d 1490, 1492 [4th Dept 2013], lv dismissed in part and denied in part 22 NY3d 1037 [2013]).
Respondent failed to preserve for our review his contentions that the Support Magistrate erred in refusing to reopen the underlying support proceeding (see Matter of White v Knapp, 66 AD3d 1358, 1359 [4th Dept 2009]) and that his support arrears should have been capped because his income fell below the federal poverty guidelines (see Matter of Farruggia v Farruggia, 125 AD3d 1490, 1490 [4th Dept 2015]). Respondent's contention that the prior order of support is [*2]invalid is not properly before this Court (see Family Ct Act § 439 [e]; see also Matter of Ouimet v Ouimet, 193 AD2d 1099, 1099 [4th Dept 1993]). Finally, to the extent that respondent contends that he was denied effective assistance of counsel in this proceeding due to the failure of counsel to object to the prior order of support on the ground that his income was calculated in contravention of Family Court Act § 413 (1), we reject that contention (see Matter of Cyle F. [Alexander F.], 155 AD3d 1626, 1628 [4th Dept 2017], lv denied 30 NY3d 911 [2018]; see generally Matter of Girard v Neville, 137 AD3d 1589, 1590 [4th Dept 2016]).
Entered: March 26, 2021
Mark W. Bennett
Clerk of the Court