Matter of Kelly v Napier (2023 NY Slip Op 03611)

Matter of Kelly v Napier

2023 NY Slip Op 03611

Decided on June 30, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 30, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., PERADOTTO, CURRAN, BANNISTER, AND OGDEN, JJ.

409 CAF 22-00543

[*1]IN THE MATTER OF DEQUOYA C. KELLY, PETITIONER-RESPONDENT,
v
RENALDO J. NAPIER, RESPONDENT-APPELLANT. 

JULIE CIANCA, PUBLIC DEFENDER, ROCHESTER (SHIRLEY A. GORMAN OF COUNSEL), FOR RESPONDENT-APPELLANT. 

 Appeal from an order of the Family Court, Monroe County (Julie M. Hahn, A.J.), entered March 10, 2022, in a proceeding pursuant to Family Court Act article 4. The order, inter alia, confirmed an order of the Support Magistrate. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In this proceeding pursuant to Family Court Act article 4, respondent appeals from an order confirming the order of the Support Magistrate, which, inter alia, determined that he had willfully violated a prior order of child support. We affirm.
Initially, respondent failed to preserve for our review his contention that the Support Magistrate erred in admitting into evidence uncertified documents submitted by petitioner because respondent did not raise that contention in his written objection to the Support Magistrate's order (see Matter of Foley v Dwyer, 192 AD3d 1652, 1653 [4th Dept 2021], lv denied 37 NY3d 907 [2021]; Matter of White v Knapp, 66 AD3d 1358, 1359 [4th Dept 2009]; see generally Family Ct Act § 439 [e]).
Contrary to respondent's contention, Family Court did not err in confirming the Support Magistrate's determination that respondent willfully violated the prior child support order. Parents are presumed to have sufficient means to support their minor child (see Family Ct Act § 437; Matter of Monroe County Child Support Enforcement Unit v Hemminger, 186 AD3d 1093, 1093 [4th Dept 2020]; Matter of Wayne County Dept. of Social Servs. v Loren, 159 AD3d 1504, 1504-1505 [4th Dept 2018]). Thus, evidence that a respondent has failed to pay child support as ordered constitutes "prima facie evidence of a willful violation" (Matter of Movsovich v Wood, 178 AD3d 1441, 1441 [4th Dept 2019], lv denied 35 NY3d 905 [2020] [internal quotation marks omitted]; see § 454 [3] [a]).
Here, petitioner established that respondent failed to pay the amount directed in the prior order, and the burden thus shifted to respondent to submit "some competent, credible evidence of his inability to make the required payments" (Matter of Powers v Powers, 86 NY2d 63, 70 [1995]; see Matter of Jelks v Wright, 96 AD3d 1488, 1489 [4th Dept 2012]). Respondent failed to meet that burden inasmuch as he failed to present evidence establishing that he made reasonable efforts to obtain gainful employment to meet his support obligation (see Matter of Roshia v Thiel, 110 AD3d 1490, 1492 [4th Dept 2013], lv dismissed in part & denied in part 22 NY3d 1037 [2013]; Matter of Hunt v Hunt, 30 AD3d 1065, 1065 [4th Dept 2006]). Additionally, we note that the Support Magistrate was "in the best position to assess the credibility of the witnesses and the evidence proffered," and properly found that respondent was not credible and failed to demonstrate his inability to pay child support (Matter of Manocchio v Manocchio, 16 AD3d 1126, 1128 [4th Dept 2005] [internal quotation marks omitted]). We perceive no basis to disturb the Support Magistrate's determination in that regard (see generally [*2]Matter of Natali v Natali, 30 AD3d 1010, 1012 [4th Dept 2006]).
Finally, we note that the order and conditions of probation contains a clerical error that must be corrected—i.e., it inaccurately states that respondent was placed on probation for a period of 24 months. The order on appeal, however, imposed only a one-year term of probation. The order and conditions of probation must therefore be amended to correctly reflect that the court placed respondent on probation for a period of a year.
Entered: June 30, 2023
Ann Dillon Flynn
Clerk of the Court