Matter of Arcuri v Rubin (2025 NY Slip Op 02505)

Matter of Arcuri v Rubin

2025 NY Slip Op 02505

Decided on April 25, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 25, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., BANNISTER, GREENWOOD, NOWAK, AND HANNAH, JJ.

368 CAF 24-01077

[*1]IN THE MATTER OF CAROLYN J. ARCURI, PETITIONER-RESPONDENT,
v
MICHAEL J. RUBIN, RESPONDENT-APPELLANT. 

TODD G. MONAHAN, LITTLE FALLS, FOR RESPONDENT-APPELLANT.

 Appeal from an order of the Family Court, Oneida County (Julia Brouillette, J.), entered July 3, 2024, in a proceeding pursuant to Family Court Act article 4. The order, inter alia, confirmed the determination of the Support Magistrate that respondent willfully violated a prior child support order and committed respondent to jail for 20 days. 
It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs, the petition is denied, and the order of commitment is vacated.
Memorandum: In this proceeding pursuant to Family Court Act article 4, respondent father appeals from an order that, inter alia, confirmed the determination of the Support Magistrate that the father willfully violated a prior child support order and committed him to jail for 20 days. It is well settled that parents are presumed to have sufficient means to support their minor children (see Family Ct Act § 437; Matter of Powers v Powers, 86 NY2d 63, 68-69 [1995]). "Thus, proof that respondent has failed to pay support as ordered alone establishes petitioner's direct case of willful violation, shifting to respondent the burden of going forward" (Powers, 86 NY2d at 69; see Matter of Movsovich v Wood, 178 AD3d 1441, 1441-1442 [4th Dept 2019], lv denied 35 NY3d 905 [2020]). To meet that burden, the respondent must "offer some competent, credible evidence of [their] inability to make the required payments" (Powers, 86 NY2d at 69-70). Where, as here, the respondent contends that they were unable to meet the support obligation because a physical disability interfered with their ability to maintain employment, the respondent must "offer competent medical evidence to substantiate that claim and establish that the alleged physical disability affected [their] ability to work" (Matter of Monroe County Child Support Enforcement Unit v Hemminger, 186 AD3d 1093, 1093 [4th Dept 2020] [internal quotation marks omitted]; see Matter of Fogg v Stoll, 26 AD3d 810, 810-811 [4th Dept 2006]).
We agree with the father that Family Court erred in confirming the Support Magistrate's determination that the father willfully violated the support order. In her October 2023 violation petition, petitioner mother alleged that the father willfully failed to obey an order of support in that the father's last payment on the account was a payment received in late February 2023. The mother set forth a prima facie case by establishing that the father was required to pay biweekly support pursuant to a 2016 order of support and he had not made any payments since February 2023 (see Movsovich, 178 AD3d at 1442). The court erred, however, in determining that the father had not met his burden of demonstrating an inability to make the required payments due to a physical disability. The father testified that, since January 2023, he had not been employed because he had been in and out of the hospital for six months for various ailments and had congestive heart failure. The father's testimony was supported by competent medical evidence consisting of hospital records and records from a cardiology practice to support his contention that his medical condition prevented him from maintaining employment (cf. id.). In addition, the evidence before the court established that the father was receiving public assistance from the county and was notified by the Social Security Administration that he met the medical requirements for disability payments (see generally Matter of Mosher v Woodcock, 160 AD3d [*2]1085, 1086-1087 [3d Dept 2018]). Indeed, during the pendency of the proceeding, the order of support was modified upon the father's petition to $0.
The court further erred in focusing only on the father's failure to pay, particularly in the past, instead of whether he was presently able to work and make the required payments (see id. at 1087). In addition, the court's reliance on Matter of Hwang v Tam (158 AD3d 1216 [4th Dept 2018]) is misplaced. In that case, we determined that the respondent "failed to offer any medical evidence to substantiate his claim that his disability prevented him from making any of the required payments" and we observed that "[t]he fact that the father was receiving Social Security benefits does not preclude a finding that he was capable of working where, as here, his claimed inability to work was not supported by the requisite medical evidence" (id. at 1217-1218). In this case, however, the father did submit extensive medical evidence to substantiate his claim.
We therefore reverse the order, deny the petition, and vacate the order of commitment. In light of our determination, we do not address the father's remaining contention.
Entered: April 25, 2025
Ann Dillon Flynn
Clerk of the Court