Matter of Jeffrey O. v Casey Q.
2026 NY Slip Op 03850
June 18, 2026
Appellate Division, Third Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

In the Matter of Jeffrey O., Appellant,
v
Casey Q., Respondent. (And Another Related Proceeding.)

Decided and Entered:June 18, 2026
CV-24-1454
Calendar Date: April 22, 2026
Before: Aarons, J.P., Reynolds Fitzgerald, Powers, Corcoran And Ryba, JJ.

John A. Cirando, Syracuse, for appellant.
Christopher Hammond, Cooperstown, for respondent.
Michelle I. Rosien, Philmont, attorney for the child.

[*1]
Aarons, J.P.
Appeal from an order of the Family Court of Cortland County (David Alexander, J.), entered August 8, 2024, which, in two proceedings pursuant to Family Ct Act article 6, dismissed the petitions.
We are familiar with the parties, as they have been the subjects of prior appeals and are currently the subjects of two related appeals on for the April 2026 term (Matter of Jeffrey O. v Casey Q., ___ AD3d ___ [3d Dept 2026] [appeal No. CV-24-1530, decided herewith]; Matter of Jeffrey O. v Casey Q., ___ AD3d ___ [3d Dept 2026] [appeal No. CV-24-1616, decided herewith]; Matter of Casey Q. v Jeffrey O., 244 AD3d 1519 [3d Dept 2025]; Matter of Casey Q. v Jeffrey O., 237 AD3d 1270 [3d Dept 2025]). Petitioner (hereinafter the father) and respondent (hereinafter the mother) are the parents of a child (born in 2017). In November 2022, Family Court issued an order granting the father sole legal and primary physical custody of the child. In July 2024, the father — acting in a self-represented capacity — filed a 207-page order to show cause with over 100 exhibits, seeking, among other things, modification of the November 2022 custody order. The next day, the father filed a second order to show cause, which comprised of 49 pages and 74 exhibits, seeking similar relief. Family Court, sua sponte, dismissed both applications, observing that many of the allegations predated the November 2022 custody order. Nevertheless, the court indicated that the father could refile petitions alleging facts demonstrating a change in circumstances since entry of that custody order. The father appeals.
For the reasons stated in our related decision in appeal No. CV-24-1530 (Matter of Jeffrey O. v Casey Q., ___ AD3d at ___), we reject the argument advanced by the mother and the attorney for the child that Family Court's sua sponte order of dismissal is not appealable as of right (see Family Ct Act § 1112 [a]). Nevertheless, the appeal must be dismissed. In April 2025, this Court reversed the November 2022 order of custody that the instant petitions sought to modify, and we remitted for a fact-finding hearing (see Matter of Casey Q. v Jeffrey O., 237 AD3d at 1271). In light of that development, determination of this appeal would not affect the rights of the parties, rendering the appeal moot (see Matter of Benjamin K. v Liska J., 174 AD3d 984, 985 [3d Dept 2019]; Matter of Audra Z. v Lina Y., 135 AD3d 1197, 1198 [3d Dept 2016]; see generally Matter of Joshua J. [Tameka J.], 44 NY3d 394, 401 [2025]).
Reynolds Fitzgerald, Powers, Corcoran and Ryba, JJ., concur.
ORDERED that the appeal is dismissed, as moot, without costs.